AT

## COUNCIL BLUFFS, SEPTEMBER TERM, A. D. 1882.

IN THE THIRTY-SIXTH YEAR OF THE STATE.

PRESENT:

Hon. WILLIAM H. SEEVERS, Chief Justice.
" JAMES G. DAY,
" JAMES H. ROTHROCK,
" JOSEPH M. BECK, } Judges.
" AUSTIN ADAMS,

## LEASMAN v. NICHOLSON, Ex'r.

1. **Evidence:** ADMINISTRATOR: STATUTE CONSTRUED. Section 3639 of the Code does not prohibit a witness, introduced by the executor himself, from testifying in favor of the executor as to a personal transaction between the witness and the decedent, even though the witness may be personally interested in the event of the suit.

   On REHEARING, *held* further, that the word "against," in the phrase "against the executor" in the statute, refers to *testimony* against the executor and not to *actions* against him; and that the disqualification of the statute applies alike to actions brought by and against the executor, but only to witnesses introduced to testify against the executor.

2. ———: IN LAW ACTIONS TRIED TO COURT. When an action not triable *de novo* in the Supreme Court is tried to the court below without a jury, and evidence is improperly admitted against objection, it must be presumed that the court considered such evidence, and its admission will be ground for reversal.

*Appeal from Madison Circuit Court*

TUESDAY, SEPTEMBER 19.

ACTION upon a promissory note alleged to have been executed to the plaintiff by defendant's testatrix, Jane Bardick. The defendant for answer denied that his testatrix executed the note. There was a trial without a jury, and judgment was rendered for the defendant. The plaintiff appeals.

*McCaughan & Dabney*, for appellant.

*Gilpin & Gilpin*, for appellee.

ADAMS, J.—I. The name of the testatrix was signed to the note by one Nichols. He was introduced as a witness, and testified that he signed her name to the note by her request, and that she then took the note and made her mark. He also testified that the note was given for borrowed money

To maintain the issue upon the defendant's part he introduced as a witness one Mrs. Henry, a daughter of the testatrix and a legatee. Her testimony was to the effect that she was intimately acquainted with her mother's affairs and mode of doing business; that she lived at home with her mother, and was invaribly consulted by her in her business transactions; that her mother had no occasion to borrow money, and did not borrow any nor execute the note in question so far as she knew. This testimony was admitted against the plaintiff's objections and the admission of it is assigned as error.

The only objection urged in argument is that the testimony was inadmissible under section 3639 of the Code. But

in our opinion the position is not well taken. Without stopping to consider whether it sufficiently appears that the witness was interested in the event of the suit, or whether the testimony given pertained to a personal transaction between the testatrix and plaintiff, we think it is sufficient to say that the witness was introduced by the executor himself, and that the testimony was in his favor and not *against* him. It is very clear that the provision of the Code above cited does not apply.

II. One Feeley was introduced as a witness who was allowed to testify that at a time, which was nearly a year before the testatrix's death, and five days before the alleged execution of the note in suit, he heard her state that she owed nothing. The admission of this evidence is assigned as error.

No effort is made by the appellee to point out any ground upon which the admission of the evidence can be sustained, and we are not able to discover any, nor can we say that it was without prejudice. It was introduced probably for the purpose of corroborating Mrs. Henry, who testified that her mother, the testatrix, had no occasion to borrow money, and did not so far as she knew borrow any. Possibly it was allowed to show the fact, if such was the fact, that the testatrix was not indebted, as a slight circumstance tending to show that she did not borrow the money and give the note in suit therefor as alleged. But conceding that it was allowed to show that fact, we cannot think that it was allowable to show it by showing the statement of the testatrix.

The defendant's position, if we understand it, is that we cannot presume that Feeley's testimony was considered by the court, and that if it was inadmissible, we must presume that the court did not consider it.

As, however, the court admitted it over the objection of the plaintiff, we must presume that the court did consider it. *Johnson v. Harder & Avery*, 45 Iowa, 680. This is an action at law, triable on appeal upon exceptions. Evidence

improperly admitted and excepted to constitutes a ground of reversal as much as if the case had been tried to a jury.

If we could see that the evidence could be rejected, and still no other conclusion be reached, we might affirm on that ground. But the evidence is conflicting, and we are by no means certain that there is not a preponderance in favor of the plaintiff.

We think that the judgment must be

REVERSED.

### SUPPLEMENTAL OPINION.

The appellant, notwithstanding the case was reversed, asks a rehearing upon one point, which was decided adversly to him. He objected to the testimony of one Mrs. Henry, and we held that the objection was not well taken. He now asks us to review our ruling upon this point. We have accordingly done so, and we have to say that it appears to us that the ruling is correct, and that the petition for a rehearing must be overruled.

The question presented, however, appears to call for a somewhat fuller discussion than we gave it, and we add a few words.

Before proceeding to its consideration we will say that we do not wish to be understood as holding that the testimony of Mrs. Henry was admissible. We merely hold that it was not inadmissible by reason of the objection urged. That objection is that Mrs. Henry was interested in the event of the suit, and not competent to testify to a personal transaction or communication between her and the testatrix, even though examined in behalf of the executor. The objection was made under section 3639 of the Code. The plaintiff insists that it was not material that she was examined in behalf of the executor. He contends that where an action is brought against an executor, an interested person should not be permitted to testify at all respecting a personal transaction or communication between such person and the decedent.

As interest does not disqualify except as expressly provided, and as the only statute relied upon as so providing is the section of the Code above cited, we have to construe that section. The portion of the section in question is in these words: "No party to any action or proceeding, nor any person interested in the event thereof   *   *   *   shall be examined as a witness in regard to any personal transaction or communication between such witness and a person at the commencement of such examination deceased, insane or lunatic, against the executor   *   *   *   of such deceased person or assignee or guardian of such insane person or lunatic." The question presented, is as to what the word "against" used in the statute shows the relation between. The plaintiff insists that it shows the relation between the words "actions" and "proceeding" on the one hand, and the words "executor," "assignee," and "guardian" on the other. According to his construction, the disqualification is not intended to apply in actions brought *by* an executor, assignor, or guardian, but only in actions brought *against* an executor, assignee or guardian; and in the latter, it applies as well where the witness is examined in behalf of the executor, etc., as against him. According to the construction which we adopt, the disqualification applies in both classes of cases, but only where the witness is examined against the executor. This construction is without question the more natural one, grammatically considered, and we see nothing in the reason or policy of the law that calls for the other. Where a person has had a personal transaction with another who has died, and an action is brought by, or against, his executor involving such transaction, every one can see why the person who had such transaction with the decedent should not be allowed to testify against the executor, if he is interested in the event of the suit. The other party to the transaction being dead cannot testify in rebuttal. Now the objection to allowing such a witness to testify to such a transaction is just as great where the action is brought by the executor as where it is

brought *against* him.   The mouth of the decedent is just as effectually closed where the executor is plaintiff as where he is defendant.

It may be thought that the witness should have been held incompetent to testify, on the ground that the plaintiff being a party, was incompetent to testify in rebuttal.   But the mere fact that he was a party did not render him incompetent.   He was incompetent only in case the transaction or communication personal as between Mrs. Henry and the decedent was also a transaction or communication personal as between the plaintiff and decedent, but this could not be.

The objections urged to the construction adopted appear to us to have but little weight, while the objections to the construction contended for appear to us to be insuperable.