FAIRBAIRN v. DANA ET AL.

1. **Judgment for Costs:** MOTION TO SET ASIDE AFTER TERM: WHEN NOT ALLOWED. Certain parties were brought into this case upon a notice which stated that no personal judgment was asked against them unless they defended. They appeared, denied knowledge or information, and disclaimed any interest in the subject of the action, but the court rendered judgment against them for the costs of the case, and the record was signed and approved by the judge. At the next term these parties filed a motion to retax costs, the object of which really was to have the judgment wholly set aside as being unwarranted. *Held* that the court had no power to vacate such judgment on motion filed after the term at which it was rendered, the ground of the motion not being one of the grounds named in § 3154 of the Code.

*Appeal from Bremer Circuit Court.*

MONDAY, DECEMBER 21.

THIS is an appeal by defendants from an order of the circuit court sustaining a motion to retax costs. The facts are stated in the opinion.

*M. E. Billings*, for appellants.

*Gibson & Dawson*, for appellee.

REED, J.—The action was brought by plaintiff against the surviving children of Stillman Dana, deceased, to foreclose their equity of redemption in certain real estate on which he

claimed a mortgage lien under a mortgage executed by said Dana, in his life-time, to one James C. Knight. The executrix of said Stillman Dana intervened in the action, and she and the defendants filed a cross-petition, in which they alleged that the full amount of the debt secured by said mortgage had been paid by said Dana to the mortgagee before the mortgage was assigned to plaintiff, and the prayer of the cross-petition was for the cancellation of the mortgage, and of the notes which evidenced the debt secured by it. Knight, the mortgagee, was also deceased, and his widow and surviving children were made parties to the cross-petition. They were advised by the original notice served upon them that no personal judgment or costs would be demanded against them unless they defended. They appeared in the action, however, and filed an answer, in one paragraph of which they denied that they had knowledge or information sufficient to form a belief as to the truth of the allegations of the cross-petition, and in another paragraph they denied all interest in said mortgage, or in the debt secured by it, or in the property covered by it. A judgment was entered in accordance with the prayer of the cross-petition. The decree contained the following provision: "And the defendants and intervenor Dana shall recover their costs herein, taxed at seventy-seven dollars and ninety-five cents, against plaintiffs and interpleaded defendants Knights." At the next term after the one at which the record of this judgment was signed and approved by the judge, the Knights filed the motion on which the order was made from which this appeal was taken. It is alleged in the motion that all of the costs of the proceeding had been erroneously and improperly taxed to these parties, and they asked that the costs be so retaxed as that no portion of them should be taxed to them. The motion was resisted by the Danas, on the grounds (1) that the liability of the movers for the costs was determined by the judgment, and the court had no power, at a term subsequent to the one at which the judgment was signed and approved,

to modify it or alter its terms; and (2) that, as the parties, notwithstanding they were notified that no claim for costs would be made against them unless they defended, had filed an answer which placed upon the defendants and intervenor the burden of proving the allegations of their cross-petition, they were liable for the costs incurred in the trial of the issue thus made.

The cause is certified to us by the trial judge, and the question which we are asked to determine is as to the correctness of the ruling of the circuit court in overruling these objections. The first question, then, is whether the court had jurisdiction to modify or change the terms of the judgment on motion at a term subsequent to the one at which the record was approved. It will be observed that the movers are not seeking relief against one or more items of costs which were erroneously or illegally taxed to them; but, in effect, they ask that the provision of the judgment which renders them liable for the costs be set aside and canceled. If a provision in a judgment for the recovery of costs by the successful party against his adversary is an adjudication of the legal rights of the parties, it is clear, we think, that the court has no power, at a subsequent term, to modify or change it, except for one of the causes enumerated in section 3154 of the Code, as ground for vacating or modifying a judgment.

True, it is provided by section 2944 that "any person aggrieved by the taxation of a bill of costs may, upon application, have the same retaxed by the court." But in our opinion this provision affords a remedy only against errors occurring in the taxation of the items of costs. It is made the duty of the clerk to tax, in favor of the party recovering costs, the allowance of his witnesses' fees, the fees of officers, etc. Section 2942. And section 2944 provides a remedy for any errors committed by him in the performance of this merely ministerial duty. It is provided by section 2933 that " costs shall be recovered by the successful against the losing

party. But where the party is successful as to a part of his
demand, and fails as to part, unless the case is otherwise pro-
vided for, the court may, on rendering judgment, make an
equitable apportionment of costs." Under other provisions
the party may be required to pay the fees of witnesses, or
officers who render services in connection with the case, in
advance, and he may be compelled to pay other costs accru-
ing in the case if they cannot be collected from the adverse
party. Under the provision quoted above, he is entitled to
have his right to recover such costs determined by the judg-
ment. It is true, this is not one of the rights for the pro-
tection or enforcement of which the action is primarily
brought and prosecuted. But it results to him, under the
law, as an incident of the action; and is as certainly deter-
mined by the judgment as are those rights which are the
subject of the action. We think, therefore, that the provis-
ion of the judgment set out above is an adjudication of a
question which the parties were entitled to have determined
by the judgment; and it is conclusive of their rights as to
that question. The case is not brought within any of the
provisions of section 3154; that is, nothing is shown which,
under the provisions of that section, is made a ground for
vacating or modifying the judgment. We think, therefore,
that the court had no power to make the modification asked
in the motion. As we reach this conclusion, it is unneces-
sary to consider the other question certified, viz., whether
appellees could properly be charged with the costs of the
case.

REVERSED.