## DE LONG v. WILSON.

**Costs:** OFFER TO CONFESS JUDGMENT: REFUSAL. Where defendant, after filing answer, served notice on plaintiff, offering to allow judgment to be entered against himself for a certain sum, "with costs to date; said amount to be a full settlement of the above cause," but the offer was refused, and the cause proceeded to verdict and judgment for plaintiff, but for a less sum than that offered, *held* that, under section 2900 of the Code, the court rightly rendered judgment against plaintiff for the costs made after the offer to confess. The words, "said amount to be a full settlement of the above cause," did not constitute a condition on which the offer was made, but only the legal and logical consequence of its acceptance. (*Quinton v. Van Tuyl*, 30 Iowa, 554, *distinguished*.)

*Appeal from Mahaska District Court.*—HON. W. R. LEWIS, Judge.

· FILED, MAY 21, 1890.

THIS is an appeal from an order made on a motion to retax costs. The facts appear in the opinion. The plaintiff appeals.

*Bolton & McCoy* and *Blanchard & Preston*, for appellant.

*W. G. Jones* and *J. F. & W. R. Lacey*, for appellee.

ROTHROCK, C. J.—It appears from the record that plaintiff brought an action against the defendant, claiming a large sum as damages for an alleged assault and battery committed by the defendant on the person of the plaintiff. In December, 1888, the defendant answered the petition by a general denial. On the second day of May, 1889, the defendant served a notice on

the plaintiff, offering to allow judgment to be entered against defendant. The following is a copy of the notice :

"District court in and for Mahaska county, state of Iowa.

"E. F. De Long  ⎱
        *vs.*      ⎰ April Term, 1890.
"E. M. Wilson.  ⎰

"*To E. F. De Long, or Bolton & McCoy, his attorneys of record :*

"The above-named defendant, E. M. Wilson, hereby offers to allow judgment to be taken against him in the above entitled cause for the sum of twenty-five dollars, with costs to date ; said amount to be a full settlement of the above cause. This is an offer of compromise under section 2900 of the Code of Iowa.

"E. M. WILSON,
"J. F. & W. R. LACEY,
"W. G. JONES,
"His Attorneys."

The offer was not accepted. The cause was tried to a jury, and resulted in a verdict for the plaintiff for $19.50. The court entered a judgment against the defendant for the amount of the verdict, and a judgment against the plaintiff for the sum of $287.50, which included all of the costs which were made or accrued after the date of the service of the notice. The plaintiff excepted to the judgment against him for said costs, and excepted to the overruling of a motion to retax the same. Section 2900 of the Code, to which reference is made in the motion, so far as material to the rights of the parties in the case, is as follows : "The defendant, in an action for the recovery of money only, may at any time after service of notice, and before the trial, serve upon the plaintiff or his attorney an offer in writing to allow judgment to be taken against him for the sum of money or to the effect therein specified, with costs. * * * If the plaintiff fails to obtain judgment for

more than was offered by the defendant, he cannot recover costs, but shall pay the defendant's costs from the time of the offer." The plaintiff bases his objection to the taxation of the costs upon the ground that the offer was not an unconditional offer to confess judgment for twenty-five dollars. The contention is that the offer, in so far as it provides that it shall "be a full settlement of the above cause," is a condition to the judgment which the defendant offered to allow the plaintiff. We think this an erroneous construction of the language of the offer. If the plaintiff had accepted the offer, judgment would have been rendered against the defendant, and that judgment would have been a full and complete settlement of the suit, just as was stated in the offer. The question is quite different from that decided by this court in *Quinton v. Van Tuyl*, 30 Iowa, 554, on which plaintiff's counsel rely. In that case the defendant did not offer to confess judgment nor to allow judgment to be entered against him. He offered to pay the plaintiff fifty dollars if the plaintiff would agree to dismiss the suit and not prosecute further. It was neither an offer to allow judgment to be entered, nor a tender. It was a mere promise on defendant's part to pay fifty dollars if the plaintiff would agree to dismiss the suit. We think the offer was plainly in accord with the statute, and that the court did not err in rendering a judgment against plaintiff for the costs in dispute.  AFFIRMED.