HENRY WORMELY, Appellee, v. THE MASON CITY & FORT DODGE RAILWAY COMPANY, Appellant.

Railroads: CONDEMNATION: TAXATION OF ATTORNEYS' FEES: APPORTIONMENT OF COSTS. In a condemnation proceeding, where a trial on appeal to the district court results in a reduction of the damages assessed, the court has no authority to tax against the railway company an attorney's fee for plaintiff's attorney or to apportion the costs, under Code, section 2007.

*Appeal from Wright District Court.*—HON. W. S. KENYON, Judge.

TUESDAY, MAY 26, 1903.

APPEAL from an order taxing an attorney's fee for plaintiff's attorney in a condemnation proceeding, and form an order apportioning said fee.—*Reversed.*

*Healy Bros. & Kelleher* and *B. P. Birdsall* for appellant.

*Nagle & Nagle* for appellee.

DEEMER, J—The defendant company condemned a right of way across plaintiff's land. The sheriff's jury having awarded damages in the sum of $1,450, the company appealed, and upon a trial in the district court the amount of the award was reduced to $800. After the return of the verdict, the plaintiff filed a motion to tax an attorney's fee for his attorney, and to make an equitable apportionment of the costs on appeal. This motion was sustained, and as a part of the costs an attorney's fee of $100 for plaintiff's attorney was taxed, and each party was required to pay one-half the costs of the appeal, including the attorney's fee. The appeal is from this order.

Code, section 2007, provides that "the corporation shall pay all the costs of the assessment made by the commissioners and those occasioned by the appeal, including a reasonable attorney's fee to be taxed by the court, unless on the trial thereof the same or a less amount of damages is awarded than was allowed by the commissioners." As a general rule, attorney's fees are not awarded either as damages or as a part of the costs of a proceeding in court. In exceptional cases they have been awarded as damages, but such cases are wholly exceptional, and have no application to the question now before us. When taxed as costs, it is by reason of some special statutory provision. In order that they may be so taxed, the case must come clearly within the terms of the statute. But for the provision of section 2007, before quoted, attorney's fees on appeal in a condemnation proceeding could not

be taxed; hence we must look to the terms of that statute to determine whether or not the fee allowed in this case should have been taxed. In this respect attorney's fees differ from the ordinary taxable costs. These are not taxed under this statute, but by reason of the general provisions of the Code relating to costs. Turning, then, to this statute, we find that the fee is for services rendered on the appeal, and not for an appearance or other employment connected with the proceedings before the commissioners. They are then to be taxed by the court for services rendered on the appeal, but such allowance is plainly conditional on an award of damages equal to the amount allowed by the commissioners. The statute reads, "including a reasonable attorney's fee to be taxed by the court, unless on the trial thereof the same or a less amount of damage is awarded than was allowed by the commissioners." The statute has a double aspect. It relates not only to the taxation of a fee provided by the statute itself, but also to other costs which are taxed under general statutes relating to such matters. Going to this statute for the source of authority to tax attorney's fees, and finding a limitation upon that right, this limitation cannot be disregarded. It is clear, therefore, we think, that attorney's fees are not to be taxed, unless on the trial the award is at least equal to that allowed by the commissioners. The order for apportionment, whereby defendant was adjudged to pay one half of this fee, and judgment was rendered against plaintiff for the other half, found in favor of his own attorney, is a matter, perhaps, of which the defendant should not be heard to complain, in the event it were found that such fee should be taxed and allowed, yet the effect of such an order may be considered in determining the proper construction to be placed upon the statute. We have already held that, notwithstanding the wording of this provision of the Code, properly taxable costs may be apportioned. *Noble v. Railroad*, 61 Iowa,

637; *Jones v. Coal. Co.*, 47 Iowa, 35. The statute says that a reasonable attorney's fee is to be taxed by the court, and allowed as part of the costs. In view of our holding with reference to apportionment, it would seem that this fee, when allowed, if appellee's contention be correct, is not a reasonable fee, but one-half or some other fraction thereof, as the court may determine when making an order for apportionment. Moreover, we should have the anomalous situation of a court rendering judgment against plaintiff for some fraction of a reasonable fee due to his own attorney. That this was not contemplated by the legislature, is too clear for argument. Indeed, we think the provision is so plain that it is not open to construction. It is only obscure when attempt is made to depart from the plain language used. If appellee's contention be correct, it follows that he is not allowed a reasonable attorney's fee, but some other amount, depending upon the discretion of the court in apportioning the costs under the rule announced in the cases heretofore cited. The question, as we have already said, is not one of apportionment, but of authority to tax attorney's fees. That authority is found in this statute, and nowhere else, and is conditioned upon the amount of damages awarded. Unless this condition be fulfilled, there is no authority for taxing the fee. The matter of apportionment is not material, except as it throws light upon the proper interpretation to be placed upon the language used. That the consequences of a particular interpretation may be taken into account in arriving at the true intent of the legislature is well settled, and needs no citation of authorities in its support. As the amount allowed by the trial jury was much less than the sum awarded plaintiff by the commissioners, there was no authority for taxing an attorney's fee to plaintiff's attorney as a part of the costs occasioned by the appeal. As said by this court in *Mellichar v. City*, 116 Iowa, 390, in referring to section 2007 of the Code: "The costs made

by the commissioners are to be paid by the corporation in any event. Only those on appeal to the district court, and attorney's fees occasioned thereby, depend in any way on the result of the trial. These are to be taxed against the corporation, except in the contingency of a trial at which the amount of damages is not increased. If that contingency does not arise, according to the plain language of the statute, they are to be paid by the corporation. It is only when the appeal has been shown in the manner pointed out to have been improvidently taken that the corporation is relieved from the payment of the costs occasioned thereby." In *Heath v. Mason City Co.* (Iowa), 94 N.W. Rep. 467, this statement was again approved, and we there said: "Perhaps an attorney's fee is not to be allowed plaintiff unless he recovers on the trial of the appeal more than was awarded him by the commissioners, but this we do not at this time decide. It is enough to say that the appealing railway company cannot avoid the payment of attorney's fees, unless upon a trial the same or a less amount is awarded than that fixed by the commissioners." Keeping in mind the fact that this provision of the Code is the only authority for taxing attorney's fees, and looking to the evident purpose of the legislature in providing therefor, it is manifest, we think, that the fee should not be allowed plaintiff's attorney when the appealing railway company secures a material reduction of the amount allowed by the commissioners. It surely should not pay a penalty when successful on its appeal. It was not required to make a tender to avoid the payment of attorney's fees, because these fees may only be taxed, under the terms of the statute authorizing them, when the award is the same or greater than that allowed by the sheriff's jury. It would be unjust to hold a successful appellant liable for the payment of his adversary's attorney's fee.

The trial court was in error in taxing the attorney's fee, and its order must therefore be REVERSED.