LINCOLN McCASKEY ET AL., Appellants, v. FT. DODGE, DES MOINES & SOUTHERN RAILWAY COMPANY.

**Eminent domain:** ASSESSMENT OF DAMAGES: EVIDENCE. Where the court in condemnation proceedings properly submitted the question of damage to two separate farms with reference to the value of each as an entirety, the evidence of a witness on cross-examination as to the value per acre of that part of the land on one side of the right of way was not prejudicial; nor did the fact that such valuation differed from that placed upon the entire tract in his direct examination render the same prejudicial, where the witness explained that one valuation related to the time of trial and the other to the time of assessment.

**Same.** In view of the stipulation that each tract was a farm, and the submission of damage to each farm as an entirety, refusal to permit plaintiff to state that his father prior to his death used each of the farms as an entirety was not prejudicial.

**Same:** ASSESSMENT OF DAMAGES: INSTRUCTIONS. Where there was no evidence in condemnation proceedings that a portion of either of two tracts was affected, as distinguished from other portions, and the instructions as a whole treated each tract as an entire farm, an instruction that if the whole of each tract could be used as one farm then the damages to the whole farm should be considered, but if it could not be so conveniently used then the damage should be estimated with relation to that portion from which the right of way was taken, though improper, was not misleading.

**Same.** A party can not complain of a correct instruction with reference to evidence introduced by himself, although the court might and should have refused any instruction on the subject.

**Same:** TAXATION OF COSTS. Where the landowner recovers on appeal in condemnation proceedings the same or a greater amount than was allowed by the commissioners, he is entitled to all costs of the assessment including an attorney's fee to be assessed by the court; and in case there is a second trial at the instance of defendant he is entitled to such costs in both trials if ultimately successful in recovering a larger amount than awarded by the commissioners.

**Same:** JUDGMENT FOR COSTS: REVIEW. A judgment containing specific provisions as to costs, which is properly excepted to, may be taken advantage of on `appeal although objection to the provision for costs was not specifically made in the trial below.

*Appeal from Boone District Court*—Hon. R. M. Wright, Judge.

Friday, March 15, 1912.

In separate proceedings for the codemnation by defendant of a right of way through two farms, each consisting of a tract of one hundred and sixty acres, it appeared that there was a life estate in each farm belonging to Elise D. McCaskey as widow of H. A. McCaskey, deceased, who had at one time been the owner in fee of both farms, and that the remainder was in these plaintiffs as heirs of said H. A. McCaskey. The commissioners appointed by the sheriff to assess the damages made separate findings as to the damages to the life estate and to the remainder in the two farms, $140 being allowed to the owner of the life estate and $700 to the plaintiffs as owners of the remainder. It is conceded that the right of way (fifty feet in width) amounts in area to about three and one-half acres for each farm. These plaintiffs as owners in common of the remain-farm. These plaintiffs as owners in common of the remainder in each farm appealed separately from the assessments to the district court, where the appeals were consolidated, and on trial to a jury there was a verdict for plaintiffs for $1,949.16. On defendant's motion for a new trial, the

verdict was set aside as excessive, and it was ordered that, unless plaintiffs elected to accept the sum of $1,400 for their damages, a new trial would be granted. On failure of the plaintiffs to accept the reduced amount, there was another trial to a jury in which a verdict for plaintiffs in the sum of $1,185.79 was returned, which verdict was confirmed by the court as a proper finding of the amount of damages, and the plaintiffs appeal.—*Modified* and *remanded.*

*Ganoe & Ganoe* and *Whitaker & Snell,* for appellants.

*Dyer & Dyer,* for appellee.

McClain, C. J.—The two applications made by the defendant to the sheriff for condemnation of right of way through the two separate farms, in each of which farms Elise D. McCaskey held a life estate and these plaintiffs held the remainder as tenants in common, resulted in one finding by the commissioners fixing separately the damage to the life estate and the damage to plaintiffs' remainder in both farms. On the appeal from these findings, there has been no contention that there was error in not treating the two tracts as constituting one farm, or, on the other hand, in assessing a lump sum by way of damages to the widow's life estate, or the plaintiffs' remainder in the two farms. The sole question as to the sufficiency of the verdict on the last trial is as to the rulings in the admission of evidence and the instructions to the jury relating to the method of ascertaining the damages sustained by plaintiffs as owners in common of the remainder in each tract.

I.    Although the rules of law relating to the measure of damages for the taking of a right of way through a tract of land used as one farm are elaborated by counsel for appellants, with the citation of many authorities, it is conceded for appellee that it was proper for the jury to consider

each tract as an entire farm without regard to the separate uses that may have been made of different portions of each farm, and the only questions which we find it necessary to discuss are those involving certain rulings and instructions which, as counsel for appellants contend, authorized the jury to estimate the damages on the basis of evidence relating to the separate use and value of the different parcels. We are unable to discover from the record whether the right of way crosses only one eighty-acre tract in each farm; but, as the evidence and the instructions relate in each instance to damages to the entire farm, the fact seems to be immaterial, provided the rulings and instructions as to the method of ascertaining the damage to each farm shall be found to be correct.

It is contended, however, that evidence was improperly admitted relating to the value of distinct parcels and improperly excluded in relation to the use of different parcels as one farm. The testimony objected to with reference to the different values of distinct parcels consisted of the testimony of a witness who, over objection for the plaintiffs, gave the value of the parcel west of the right of way per acre, and also the value of the entire farm per acre in each case. This testimony was given on cross-examination, and no doubt the witness might properly be asked as to the value placed by him on different parcels to determine his credibility.

1. Eminent domain: assessment of damages: evidence.

But, however this may be, as the case was submitted to the jury only with reference to the value per acre of each farm as an entirety, no possible prejudice could have resulted to the appellants from the question asked the witness and the answer thereto relating to the separate value per acre of the parcel west of the right of way. There is nothing in the record to suggest that the jury could have found to the plaintiff's prejudice a value for each parcel in the aggregate differing from the value found for the farm

as a whole. The statement as to the value per acre of the parcel west of the right of way fixed it as of the same value per acre as that fixed by the witness for the entire farm, and it is not possible in our judgment that appellants could have been prejudiced by the question and answer.

This question and answer on cross-examination related to the value per acre of the land when the case was tried; but the witness had already testified on direct examination as to the value per acre of each farm at the date of the condemnation, and he explained the discrepancy by saying that in the meantime land had advanced in value. With this explanation, there could have been no possible prejudice in allowing the witness on cross-examination to testify as to present value.

One of the plaintiffs as a witness was asked whether his father had prior to his death used each of the farms as an entirety, and an objection to this question was sustained.

2. SAME.

In view of a stipulation to the effect that each tract was at the time of condemnation one farm and the submission to the jury only of the question as to the damage to each farm as an entirety, there could have been no prejudice to the appellants in this ruling.

II. In one of the instructions the jurors were told that it was admitted "that the premises from which the right of way is taken consist of two farms," and that "in

3. SAME: assessment of damages: instructions.

determining the plaintiffs' damages you should determine the damages to their interest in each farm separately." This statement was followed immediately by a sentence in which the jurors were told that, if the whole one hundred and sixty acres in each case could conveniently be used by plaintiffs as one farm, then the jurors might consider the damage as the same related to the whole one hundred and sixty acres; but, if the whole one hundred and sixty acres could not be conveniently used as one farm by the plaintiffs, then the

jurors should only consider the damage to the plaintiffs' interest in that portion of the one hundred and sixty acres from which the right of way was taken, and which was so used as one farm. In view of the record, this instruction was unnecesary, and perhaps uncalled for. The only testimony relating to separate use of different portions of each farm was that introduced for plaintiffs to show that while for one or two years the different portions may have been separately rented, for other portions of the time subsequent to the death of the father of plaintiffs, their mother, having the life estate, had rented them as entire farms, and not in separate parcels. There was no evidence from which the jury could possibly have found that a portion of either farm through which the line of road passed was so distinct by reason of condition and use from the other portions that the jury could have returned a verdict for damages only to the portion through which the road passed. In short, the proposition announced by the court in the sentence of the instruction which is now objected to correctly stated a rule of law which had no application to the facts of the case. Under such circumstances, the giving of the instruction will be ground for reversal only if it appears under the record to have been calculated to mislead the jury.

The only evidence of separate use of different parcels got into the case by the testimony of witnesses called by plaintiffs themselves. They cannot complain of a correct statement of the law with reference to such matter, although in view of the testimony the court might have refused, and, indeed should have refused, to give any instruction on the subject. As somewhat applicable to this question, see *Cahow v. Chicago, R. I. & P. R. Co.*, 113 Iowa, 224; *Walker v. Camp*, 69 Iowa, 741; *Hall v. Stewart*, 58 Iowa, 681; *Collins v. Collins*, 46 Iowa, 60; *Kearney v. Fitzgerald*, 43 Iowa, 580. It must be borne in mind that throughout the jury was instructed on the theory that each tract constituted an entire farm for

4. SAME.

the damages to which plaintiffs were entitled to recover compensation, and that the sentence complained of contains the only reference to a possibility that one parcel of each farm may have been used separately from another parcel. There are other criticisms of the instructions, but an examination has satisfied us that the fragments of which complaint is made could not, in view of the plain meaning which the instructions as a whole conveyed, have been prejudicial to the appellants.

III. With reference to the taxation of costs there is a provision of the Code as follows: "Sec. 2007. The corporation shall pay all the costs of the assessments made by the commissioners and those occasioned by the appeal, including reasonable attorney fees to be taxed by the court, unless on the trial thereof the same or a less amount of damages is awarded than was allowed by the commissioners." As a part of the judgment appealed from, it is provided that the plaintiffs have judgment against defendant for the costs of this trial, including attorney's fee of $75 for plaintiffs' attorney, and "that the plaintiffs have judgment against the defendant for the filing fees, copy fees, and sheriff's fees in the first trial of this case; that the defendant have judgment against the plaintiffs for all other costs in the first trial of said case; and that plaintiffs pay their own attorneys' fees for the first trial of said case." Appellants complaint with reference to the taxation to them of the costs of the first trial is well grounded. That trial was on an appeal from an assessment of damages, and the plaintiffs recovered a verdict for a larger amount than had been allowed by the commissioners. On defendant's motion plaintiffs were compelled to submit to a new trial on the refusal to accept a finding of a smaller amount fixed by the court; and this was within their rights. The verdict on the second trial was for an amount of damages larger that that allowed by the commissioners. We see nothing in the statute, and are aware

5. SAME: taxation of costs.

of no rule of practice which would justify a judgment against the plaintiffs for any portion of the costs of the appeal in view of the fact that the ultimate finding of damages was for a larger amount than was allowed by the commissioners.

As to the attorney's fees taxed on the first trial in favor of plaintiffs, there was, of course, no judgment against the defendant, in view of the refusal of the plaintiffs to accept a judgment on the basis of the reduced amount of damages fixed by the court. But there was a taxation of a reasonable attorney's fee on that trial which remained a finding of the court as to the amount to be included as a part of the costs against the defendant, and we think that on the last trial plaintiffs were entitled to have a judgment against defendant for the costs of the first trial including such attorney's fee as well as for the costs of the second trial, including an attorney's fee for that trial. There was but one appeal to the district court, and the second trial was necessary because of the error or mistake of the jury in finding from the evidence the amount of damages to which plaintiffs were entitled. There is no provision of the statute with reference to the costs on a second trial. The general provisions as to taxation of costs, including the provisions as to apportionment, have no application.

It is suggested for appellee that no question as to the taxation of costs was raised by appellants on the second trial, and that we should not now interfere and grant relief which the lower court might have granted had the question been raised by motion to retax costs or in the motion for a new trial.

6. SAME: judgment for costs: review.

But it is well settled that when the judgment itself contains specific provisions as to the costs, and is properly excepted to, error therein may be taken advantage of on appeal from the judgment without the question as to the correctness of the judgment in this respect being raised specifically in the court below. *Guinn v. Iowa & St. L.*

R. Co., 125 Iowa, 301; *Ainley v. American Mut. F. Ins. Co.*, 113 Iowa, 709; *Perry v. Kaspar*, 113 Iowa, 268.

For the errors as to taxation of costs, the judgment is modified, and the case is remanded to the lower court for such judgment in that respect as shall be in harmony with the views we have herein expressed. As only a small portion of the costs on the appeal to this court was necessary in order to enable the appellants to secure relief against the improper taxation of costs in the lower court, the appellants will pay three-fourths of the costs of this appeal, and the balance will be paid by appellee.—*Modified* and *remanded.*