William R. Young, Appellee, v. Mary A. Rutherford et al., Appellants.

**COSTS: Retaxation—Want of Parties.** Trial courts may pass on a
1    motion to reduce an excessive taxation, even though other parties against whom such taxation stands are not made parties to the proceedings.

**COSTS: Excessiveness—Review—Retaxation (?) or Appeal (?)** Ex-
2    cessive taxation by the court, no *mistake* appearing, may not be corrected by motion to retax. Appeal should be employed.

*Appeal from Iowa District Court.*—Ralph Otto, Judge.

FEBRUARY 23, 1920.

REHEARING DENIED DECEMBER 20, 1920.

A DEMURRER to a motion to retax costs was sustained and the movent appeals.—*Affirmed.*

*W. J. Barngrover,* for appellants.

*James P. Gaffney* and *J. M. Dower,* for appellee.

LADD, J.—One Rutherford died testate, August 3, 1917, leaving real property located in Iowa County. His will was ad-

mitted to probate. William R. Young, a devisee, began an action in partition, July 2, 1918, and, on the 2d day of October following, the court entered a decree confirming the respective shares in the land, ordered it sold by a referee, duly appointed, and the proceeds distributed by him among those entitled thereto. The court included in the decree an order that the costs of this suit, "including full statutory attorney fees for plaintiff's attorney," be taxed against the respective shares. A stipulation of settlement, signed by all the parties, was filed December 10th following. On the 18th day of the same month, the referee filed his report and application for discharge, and, on the same day, the court entered judgment, duly signed by the trial judge, in words following:

"Now, to wit, on this 18th day of December, 1918, this cause is settled per stipulation on file, referee is hereby discharged, judgment is hereby entered against parties to said stipulation for amount of costs therein provided, plaintiff's attorney allowed $698 attorney's fees, referee allowed $300 as compensation for his services, including all outlays of expenditures."

Later on, April 23, 1919, Mary A. Rutherford, one of the defendants interested in the estate, moved for retaxation of the costs, alleging that attorney's fees allowed were "grossly in exaggeration of the services rendered; that the fees allowed to the referee were grossly exaggerated and excessive; that $14.50 allowed for making the complete record should not have been taxed, as no such record was made; that the fees allowed the appraisers should not have been taxed, for that the appraisers were notified of the settlement before the land was appraised; and that the fee of $24.25 allowed Osburn & Gallager was not justifiable, and should not have been taxed."

The motion was supported by a couple of affidavits. A demurrer in five grounds was interposed by the plaintiff and sustained by the court. These grounds of the demurrer, in substance, were: (1) That the judgment, a copy of which is shown above, is an adjudication of the fees and compensation of attorney and referee; (2) that these are inherent in the judgment, and may not be set aside; (3) that a motion to retax costs is not available, where error of the clerk is not involved, and judgment

may not be assailed thereby; and ·(4) that there are defendants other than movent, and, as they are not made parties, the court is without jurisdiction to pass on the motion.

The last ground is without merit; for defendants who were not made parties to the hearing could not be prejudiced by any ruling which might be made, and the omission to serve coparties with notice of appeal did not impair the power of this court to review the ruling of the trial court on the demurrer. *Clayton v. Sievertsen*, 115 Iowa 687; *In re Will of Downs*, 141 Iowa 268; *Tukey v. Foster*, 158 Iowa 311.

1. COSTS: retaxation: want of parties.

The other grounds may be considered together. Section 4261 of the Code provides that:

2. COSTS: excessiveness: review: retaxation (?) or appeal (?)

"In actions for partition of real estate, when a decree ordering partition or sale is rendered, there shall be taxed in favor of plaintiff's attorney, as costs in the case, an attorney's fee; but in no case shall the amount so taxed exceed the following, to wit: for the first two hundred dollars or fraction thereof, ten per cent; for the next three hundred dollars, five per cent; for the next five hundred dollars, three per cent; and for all excess over above amounts, one per cent of the value of the property partitioned. Such value to be determined by the court or the appraisement, or by the sale when sale is ordered."

This statute defines the maximum compensation which may be taxed in favor of an attorney in such a case, but whether such compensation shall be taxed or a lesser sum, rests in the sound discretion of the court. Reasonable compensation, not exceeding the maximum, for the services rendered is to be allowed, and that only; and this is to be determined by the court. The same is true of the referee, though a maximum compensation is not fixed. Section 4272 of the Code provides that:

"Appraisers and referees appointed under the provisions of this chapter shall receive such reasonable compensation for their services as the court allows, which shall be taxed as a part of the costs."

The court, then, is required to determine the amount which will be allowed attorney and referee, before their compensation may be taxed as part of the costs. What the compensation of

each shall be depends on the services rendered. In the light of all the facts of the case, and in fixing the respective amounts, the court exercises the judicial function. It is not a mere matter of computation, as in *Bankers' Iowa St. Bank v. Jordan,* 111 Iowa 324, or *Rogers v. Crandall,* 143 Iowa 249. In other words, a mere mistake in computation may be corrected, even though embodied in a judgment, for Section 4105 of the Code provides that:

"A judgment or order shall not be reversed for an error which can be corrected on motion in an inferior court, until such motion has been made and overruled."

The judgment is conclusive on the allowance of attorney's fees or other specified costs. *Fairbairn v. Dana,* 68 Iowa 231; *Perry v. Kaspar,* 113 Iowa 268; *Ainley v. American M. F. Ins. Co.,* 113 Iowa 709; *Guinn v. Iowa & St. L. R. Co.,* 125 Iowa 301; *Rogers v. Crandall,* 143 Iowa 249; *McCaskey v. Ft. Dodge, D. M. & S. R. Co.,* 154 Iowa 652. In *Ainley v. American M. F. Ins. Co.,* supra, the point involved was whether attorney's fees might be allowed "on a large amount collected by plaintiff's attorney, for which no suit had been begun;" and it was held that this question might be considered on appeal. Section 3864 of the Code provides that:

"Any person aggrieved by the taxation of a bill of costs may, upon application, have the same retaxed by the court, or by a referee appointed by the court in which the application or proceeding was had, and in such retaxation all errors shall be corrected."

This provision affords a remedy only against error occurring in the taxation of the items of cost. *Fairbairn v. Dana,* supra. Costs are properly no part of the judgment (*Fisher v. Burlington, C. R. & N. R. Co.,* 104 Iowa 588); and the errors to be corrected by motion are those of the clerk (*Ainley v. American M. F. Ins. Co.,* supra); and the motion for retaxation is required, in order to bring the precise question before the court for its ruling. For, unless the court has passed upon the precise question involved, there is no ruling from which an appeal may be taken. If the court has ruled on the question at issue, there is no occasion for raising the point some other way, and obtaining a sec-

ond decision. In the case at bar, the attorney was entitled to an allowance as attorney's fees, as was the receiver; but the court was required to determine the amount to which each was entitled, and this it did, in the judgment entered. This determination did not involve any computation, save to fix a limit beyond which the court might not proceed; and the motion filed does not allege a mistake in computation, but that the court, in the exercise of its discretion, allowed an excessive amount as attorney's fee and compensation to the referee. The motion called for a reconsideration by the court of the questions on which it had ruled in entering the judgment, and this is not the function of a motion to retax costs. We think such a remedy was not available to the movent. To correct the allowance made in the judgment entry, the defendant should have appealed.—*Affirmed.*

WEAVER, C. J., GAYNOR and STEVENS, JJ., concur.