IOWA ELECTRIC COMPANY, Appellant, v. ELMER E. SCOTT et al., Appellees.

JUNE 26, 1928.

REHEARING DENIED NOVEMBER 16, 1928.

*B. I. Salinger* and *H. O. Weaver*, for appellant.

*McCoid, McCoid & McCoid* and *F. S. Finley*, for appellees.

DE GRAFF, J.—I. The appellant, Iowa Electric Company, commenced proceedings in condemnation in aid of a water-power project owned by it. The appellees are the landowners and defendants in condemnation. An award was made by the sheriff's jury, from which appeals were perfected to the district court, some by condemnor and some by both parties. Before hearing was had on the appeals, the condemnor dismissed its condemnation proceeding, and refused to take the property. Thereafter, appellees, by motion, moved the court to tax reasonable attorneys' fees as costs against the company, and in favor of the landowners. A hearing was had on said claims, and the court made certain allowances to each of the appellees for services performed by attorneys employed by them, in the following amounts:

| | |
|---|---|
| E. E. Scott | $200. |
| F. Dold | 150. |
| F. S. Finley | 500. |
| Andrew Hoover | 600. |
| Alex Peterson | 300. |
| H. Erickson | 100. |
| Anton Beck | 400. |
| W. J. Jarvis | 350. |
| May Stinson | 25. |
| S. L. Glashine | 50. |

The appellant perfected its appeal from the judgments entered on the first eight of the above listed findings. The cases were consolidated, on order of the Supreme Court. The grounds for this appeal are that the allowances made are excessive; that they are largely based on alleged services by the attorneys which do not constitute any cost of the appeals taken, and are services for which no statute makes any provision or gives any authority; that appellee F. S. Finley, himself one of the attorneys, was allowed attorney fees for his services with reference to his own claim as landowner; and that the court erred in receiving testimony as to this class of service, despite apt objection.

It may be conceded that, except for authority given by

statute, no recovery of attorney's fees may be had. This is the Iowa rule. *Wormely v. Mason City & Fort Dodge R. Co.,* 120 Iowa 684; *Jones v. School Board,* 140 Iowa 179, 181; *Constantine v. Rowland,* 147 Iowa 142, 149. This is the general rule. *City of Mound City v. Mason,* 199 Ill. App. 120; *Day v. Woodworth,* 13 How. (U. S.) 362; *Henry v. Davis,* 123 Mass. 345; 1 Sedgwick on Damages (8th Ed.), Section 229; Watson on Damages for Personal Injuries, Section 545.

The statutory law in Iowa relative to the point in issue is found in Sections 7852 and 7853, Code of 1927. Section 7852 provides that the condemnor "shall also pay all costs occasioned by the appeal, including reasonable attorney fees to be taxed by the court, unless on the trial thereof the same or a less amount of damages is awarded than was allowed by the tribunal from which the appeal was taken." Section 7853 provides that, if the condemnor shall "decline, on the final determination of the appeal, to take the property and pay the damages awarded, he shall pay, in addition to the costs and damages actually suffered by the landowner, reasonable attorney fees to be taxed by the court."

The first section quoted above has been the law of this state since 1873, and the second section since 1897.

It is apparent, owing to the dismissal on the part of the condemnor, that there was never any trial of the appeal. The question then is: Does the statute of Iowa warrant and justify the trial court in taxing a reasonable attorney fee occasioned by the appeal in favor of the landowners against an abandoning condemnor? If this question is answered in the affirmative, then it must be determined: What are the elements entering into such a fee? Since the statutory provisions of Iowa are involved, we first turn to the interpretations of this court.

In *Mellichar v. City of Iowa City,* 116 Iowa 390, the facts disclose that the defendant city by appropriate resolution proceeded to condemn for cemetery purposes certain lots owned by the plaintiffs. The sheriff's jury made an award, from which plaintiffs appealed to the district court. Before trial, the city dismissed the proceedings, and abandoned all claim to the property. Thereupon, the plaintiffs asked that attorney's fees be allowed and taxed with other costs against the city. This was denied, and on plaintiffs' appeal, the judgment entered was re-

1220

versed. The decision in this case was made April 12, 1902, and it is therein said:

"The costs made by the commissioners are to be paid by the corporation in any event. *Only those of appeal to the district court, and attorney's fees occasioned thereby, depend in any way on the result of the trial.* [The italics are ours.] These are to be taxed against the corporation, except in the contingency of a trial at which the amount of damages is not increased. If that contingency does not arise, according to the plain language of the statute, they are to be paid by the corporation. It is only when the appeal has been shown, in the manner pointed out, to have been improvidently taken, that the corporation is relieved from the payment of the costs occasioned by it. * * * On the abandonment of the proceeding, it is but just and equitable that the party attempting to wrest the property from its owner should pay the expenses of litigation already incurred, and such is the design of the section of the Code quoted. [Section 2007, Code of 1897]. *But the court is limited, in taxing attorney's fees, to services rendered on appeal from the findings of the sheriff's jury.* Such is the clear import of the statute."

In *Heath v. Mason City & Ft. D. R. Co.* (Iowa), 94 N. W. 467 (not officially reported), it is said:

"It is enough to say that the appealing railway company cannot avoid the payment of attorney's fees unless upon a trial the same or a less amount is awarded than that fixed by the commissioners."

In *Wormely v. Mason City & Ft. D. R. Co.*, 120 Iowa 684 (decided May 26, 1903), the *Mellichar* and *Heath* cases, supra, were approved, and it is said:

"Keeping in mind the fact that this provision of the Code [Section 2007, Code of 1897] is the only authority for taxing attorney's fees, and looking to the evident purpose of the legislature in providing therefor, it is manifest, we think, that the fee should not be allowed plaintiff's attorney when the appealing railway company secures a material reduction of the amount allowed by the commissioners. It surely should not pay a penalty when successful on its appeal."

It must be remembered that the *Mellichar* and *Wormely* cases are distinguishable from each other on their facts in this: that in the former there was an abandonment of the condemnation proceeding before trial of the appeal in the district court, and in the latter there was a trial on the appeal from the award made by the sheriff's jury, resulting in a reduction of the award from $1,450 to $800.

In *Hall v. Wabash R. Co.*, 133 Iowa 714, Section 2007, Code of 1897, was again under consideration; but in that case the plaintiff was awarded a larger amount than had been returned by the sheriff's jury, and, it was held, in conformity to the *Wormely* decision, supra, that the attorney's fee to be allowed is for service rendered "in the appeal alone." The fact, however, that the landowner's right to attorney's fees on appeal depends upon the recovery of an increased award does not deprive him of his right to attorney's fees on dismissal of the condemnation proceedings pending his appeal. See 20 Corpus Juris 1143 and 1148.

As we view the holding in the *Mellichar* case, supra, the dismissal of the condemnation proceeding and the abandoning of the claim to the property before trial in the district court on appeal do not relieve the condemnor from liability for attorney's services occasioned by the appeal from the findings of the sheriff's jury; but the court is limited, as stated in the *Mellichar* case, supra, to services rendered on the appeal.

There is a distinction between abandoning an appeal before a trial thereon and declining to take the property after having subjected the landowner to the burden of trying the appeal.

It is a rule of statutory construction that one statute may not be resorted to for matters dealt with in another. *Drury v. City of Boston*, 101 Mass. 439; *Pittsburgh's Petition*, 243 Pa. St. 392 (90 Atl. 329); *Pacific Gas & Elec. Co. v. Chubb*, 24 Cal. App. 265 (141 Pac. 36); *Jones v. School Board*, supra.

The condemnor has the right to dismiss at any time. *Mason City & Ft. D. R. Co. v. Boynton*, 204 U. S. 570.

A different situation arises as regards the quantum of the fee to be recovered upon dismissal prior to the trial on appeal and a dismissal after trial, and this distinctive thought is found in the language of Sections 7852 and 7853. The legislature is presumed to have had the former statute before it and to have

known its scope and purpose when it enacted a subsequent statute. *Chamberlain v. Iowa Tel. Co.*, 119 Iowa 619; *In re Estate of Dolmage*, 203 Iowa 231. Where two statutes relate to the same subject-matter, such construction should be adopted, if possible, without doing violence to the language employed, as will permit both to stand, and have force and effect. *Conly v. Dilley*, 153 Iowa 677.

We discover, however, no conflict in the intent and content of the two statutes in question. They both serve a purpose, but under different conditions; and, as heretofore pointed out, attorney fees would not be taxable as costs at all, in the absence of statute. In passing, it may be noted that these provisions expressly authorizing attorney fees in proceedings in eminent domain are constitutional. *Gano v. Minneapolis & St. L. R. Co.*, 114 Iowa 713 (190 U. S. 557, 47 L. Ed. 1183); *Lough v. Minneapolis & St. L. R. Co.*, 116 Iowa 31.

Section 2011, Code of 1897 (now Section 7853, Code of 1927) has also received consideration by this court in *Ford v. Board of Park Commissioners*, 148 Iowa 1, decided June 16, 1910. The *Ford* case involved an action at law to recover damages arising from the conduct of the defendant in the matter of condemning plaintiff's property for the purposes of a public park. The defendant demurred to plaintiff's petition as amended, and the demurrer was sustained. Upon appeal, the cause was reversed. In the *Ford* case, the appeal was abandoned by the condemnor, as in the case at bar, "before any hearing was held in that court (district court)."

Two questions were presented, both of which had to do with the non-liability of the city, acting through its board of park commissioners. We are concerned with but one of these questions in the instant case, and this is the liability of the board under Section 2011, Code of 1897 (Section 7853, Code of 1927). It is pointed out that Section 2011 "does not seem to have been heretofore considered by this court," but it is held that this section manifestly has reference to an abandonment of a condemnation proceeding. It is said:

"It seems to us, however, that this statute was intended to cover a case of abandonment such as is now presented * * *. It is to save to the owner his costs and actual damages when the

proceedings are abandoned, and to give him attorney's fees necessarily expended .in securing his compensation for the land and protecting his rights. These attorney's fees are to be fixed by the court; but they are, nevertheless, a part of his damages. * * * Its [appellee's] sole contention is that there is no liability whatever, and, were it not for the amendment to Section 2011 of the Code, we should be compelled to agree with it. But as that section clearly imposes a liability, and the question of the amount and character of damages is not before us, and is not argued, we must assume that some of the substantial damages claimed are. recoverable."

In the light of our prior interpretations, the condemnor is liable for reasonable attorney's fees paid or incurred by the landowner, limited, however, to services rendered on the appeal from the findings of the sheriff's jury. For discussion and annotations, see *Meadow Park Land Co. v. School Dist. of Kansas City,* 301 Mo. 688 (257 S. W. 441, 31 A. L. R. 343, 364); *Pittsburgh's Petition,* 243 Pa. St. 392 (52 L. R. A. [N. S.] 262); *Ford v. Board of Park Commissioners,* 148 Iowa 1 (Ann. Cas. 1912B 940); *Kanakanui v. United States,* 244 Fed. 923 (C. C. A., 9th Cir.).

II. We now turn to the duty and discretion of the trial court in fixing the quantum of fees and the elements properly to be considered in determining the allowance thereof.

The primary contention of the appellant is that practically all of the received testimony involved matters which did not constitute "costs occasioned by the appeal," and that the overruling of its objections show that the court took irrelevant and incompetent matters into consideration, and based the allowance to the landowners upon matters for which the law gives no sanction.

Illustrative of this contention, it may be pointed out that testimony was received and was offered by appellee as a basis for the allowance of work done in resisting an application for a permit by appellant from the executive council of the state of Iowa; as to work done before the sheriff's jury; as to work done before the Supreme Court and before some of its judges; as to work done to determine whether it was necessary to prove title of the landowners back to the government, and how such title could be proved; as to work in locating abstracts of title; as to

work done by Attorney Finley in his own case, as a landowner and appellee, and the value of his services without the segregation of the work done by Attorney Finley and that of associate counsel. It is clear that, under the rule of interpretation heretofore pronounced by this court, and applicable to the instant case, these matters did not constitute a basis for the allowance of attorney's fees; since the statute contemplates "attorney's fee occasioned" by the appeal, and "the court is limited, in taxing attorney's fees, to services rendered on appeal from the findings of the sheriff's jury." *Mellichar v. City of Iowa City*, 116 Iowa 390. This rule is reaffirmed in *Wormely v. Mason City & Ft. D. R. Co.*, 120 Iowa 684, in these words:

"Turning, then, to this statute, we find that the fee is for services rendered on the appeal, and not for an appearance or other employment connected with the proceedings before the commissioners."

This limitation must be respected in the allowance of attorney fees in the instant case, and this court is not advised whether the trial court did or did not take into consideration, in fixing the amount of compensation, the matters to which reference is herein made, and which had to do with services claimed to have been performed prior to the taking of the appeal.

When error appears, prejudice will be presumed, until the contrary affirmatively appears. *Ford v. Chicago, R. I. & P. R. Co.*, 106 Iowa 85; *Reynolds v. City of Keokuk*, 72 Iowa 371; *Herring v. Estate of Herring*, 94 Iowa 56; *Dunne v. Deery*, 40 Iowa 251. In other words, an erroneous ruling is presumed to be prejudicial unless something appears from the record as a whole to show that no prejudice could have resulted. *Hibbard, Spencer, Bartlett & Co. v. Zenor*, 75 Iowa 471. This is the rule unless it appears that the judgment could not have been different, had the erroneously received testimony been excluded. *Smith v. Johnson*, 45 Iowa 308.

It will be presumed that evidence received over apt and proper objections was considered by the court. *Leasman v. Nicholson*, 59 Iowa 259.

It cannot be questioned that the statute gives the necessary authority to have the fees fixed by the court without the aid of

a jury, and such statutes are constitutional. *Richardson v. City of Centerville,* 137 Iowa 253. Nor may the right of a trial judge to receive testimony in his discretion as to the value of attorney's services be questioned. *Hall v. Wabash R. Co.,* 133 Iowa 714.

The fact stands that incompetent items were intermingled with proper items, and no segregation appears in the evidence. This court will not undertake to speculate or guess what was or was not eliminated by the trial judge from the testimony, in determining the allowances made, nor will we presume that the judge cured whatever error there was in receiving improper testimony.

Attorney fees are not included within the purview of constitutional provision that property shall not be taken for public use without just compensation. 20 Corpus Juris 1145, with cases cited. As pointed out in *Wormely v. Mason City & Ft. D. R. Co.,* supra, the right to tax attorney fees exists "by reason of some special statutory provision," and nothing may be recovered under such statute that does not clearly come within its terms.

For the reasons heretofore stated, the judgment entered is —*Reversed and remanded.*

All the justices concur.