ETHEL R. KEENEY, appellant, v. IOWA POWER AND LIGHT. COMPANY, appellee.

No. 49738.

(Reported in 96 N.W.2d 918)

JUNE 9, 1959.

Parrish, Guthrie, Colflesh & O'Brien, of Des Moines, for appellant.

Clyde E. Herring and Gamble, Read, Howland, Gamble & Riepe, all of Des Moines, for appellee.

GARFIELD, J.—This appeal involves the alleged right of the condemnee in a condemnation proceeding to have taxed to the condemnor fees for the former's attorney and all costs occasioned by the appeal to the district court from the award of the commission appointed by the sheriff. The fees and costs are claimed on the ground the condemnor offered to confess judgment in the district court for a smaller amount than the verdict later returned by the jury in that court although such verdict was less than the amount allowed by the sheriff's commission.

The district court refused to allow fees for the condemnee's attorney and divided the court costs equally between the two parties. The condemnee has appealed from this adjudication. We affirm the district court.

The award of the commission appointed by the sheriff (frequently called "sheriff's jury") under section 472.4, Code, 1958, was $3900. From this award the condemnor, and later the condemnee, appealed to the district court as authorized by section 472.18. Trial there resulted in a jury verdict and court award

of $3200. While the appeal was pending the condemnor offered to confess judgment, under Code chapter 677, for $2001, with costs accrued to the date of the offer. Of course the condemnee did not accept the offer.

I. We consider first appellant's claim to attorney fees. It is well settled in Iowa that attorney fees are not awarded as part of the costs unless clearly authorized by statute. Reter v. Davenport, R. I. & N.W. Ry. Co., 243 Iowa 1112, 1125, 54 N.W.2d 863, 870, 35 A.L.R.2d 1306, and citations; Tilton v. Iowa Power and Light Co., 250 Iowa 583, 589, 94 N.W.2d 782, 785; Keller v. Harrison, 151 Iowa 320, 332, 128 N.W. 851, 131 N.W. 53, Ann. Cas. 1913A 300.

The only statute authorizing taxation of fees for the condemnee's attorney in an appeal to the district court is Code section 472.33 which provides: "The applicant shall also pay all costs occasioned by the appeal, including reasonable attorney fees * * * unless on the trial thereof the same or a less amount of damages is awarded than was allowed by the tribunal from which the appeal was taken."

Where, as here, the award in the district court is less than that appealed from this statute affords no authority for taxing to the condemnor fees for the condemnee's attorney. Appellant conceded in oral argument this would be true and she would not be entitled to attorney fees if it were not for appellee's offer to confess judgment. The concession accords with our decision in Wormely v. Mason City & Fort Dodge Ry. Co., 120 Iowa 684, 95 N.W. 203, where the appeal was taken by the condemnor. Our statute, section 472.18, provides, "Any party interested may" appeal to the district court. Bales v. Iowa State Highway Comm., 249 Iowa 57, 61, 86 N.W.2d 244, 247.

Appellant's argument is based upon the contention that for purposes of determining appellee's liability for costs and attorney fees its offer to confess judgment replaces the award of the sheriff's commission as the amount which the trial jury's verdict must exceed. This is said to follow from our decisions in Tilton v. Iowa Power and Light Co., supra, 250 Iowa 583, 94 N.W.2d 782, and Draker v. Iowa Electric Co., 191 Iowa 1376, 182 N.W. 896.

The argument cannot be accepted. Too much is claimed for the cited precedents. In both of them the verdict of the trial

jury upon appeal exceeded the amount of the award appealed from but we held fees for the condemnee's attorney for services rendered after the condemnor offered to confess judgment in an amount in excess of the jury verdict were not taxable to the condemnor. The result was reached by applying to appeals from condemnation awards the provisions of chapter 677 relating to offers to confess judgment. Harrison v. Iowa Midland R. Co., 36 Iowa 323, had held such provisions applied to the allowance of costs in a condemnation appeal.

It does not follow from these decisions that an offer to confess for less than the amount of the jury verdict subjects the condemnor to liability for fees for the condemnee's attorney where, as here, the verdict is less than the award appealed from, thus rendering nonexistent the authority provided by section 472.33 for allowance of attorney fees. No other statute authorizes the allowance of attorney fees under such circumstances. Wormely v. Mason City & Fort Dodge Ry. Co., supra, 120 Iowa 684, 687, 95 N.W. 203; Iowa Electric Co. v. Scott, 206 Iowa 1217, 1220, 220 N.W. 333. Nor does any decision of ours hold that fees for the condemnee's attorney may be taxed to the condemnor under the situation here.

The effect of appellant's argument is to ask us to read out of section 472.33, previously quoted, the provision, "unless on the trial thereof the same or a less amount of damages is awarded than was allowed by the tribunal from which the appeal was taken" where an offer to confess is made for less than the verdict of the trial jury. This is a change in the statute we may not make.

Appellant claims something for language in Division II of Tilton v. Iowa Power and Light Co., supra, 250 Iowa 583, 589, 94 N.W.2d 782, 785, that according to section 472.33 " 'reasonable attorney fees to be taxed by the court' are included within the term 'costs' of such appeals." The statement is accurate but of course it is limited to appeals in which attorney fees are taxable to the condemnor—where a larger award is made by the trial jury than that of the sheriff's commission. The quoted language has no application to such an appeal as this where the award is not increased upon appeal and there is therefore no statutory authority for the allowance of attorney fees.

II. As stated, the court divided the general court costs equally between the two parties. This was done under the court's power to apportion such costs under general rules of law. Appellant contends, upon considerations like those urged in support of her claim for attorney fees, all costs should have been taxed to appellee-condemnor.

We have held that what is now section 472.33, quoted above (with changes not now material), does not require taxation to the condemnor of all costs occasioned by the appeal except where the award of the sheriff's commission is increased by the jury verdict. Where, as here, there is no such increase 472.33 does not control the taxation of costs and the court may make a proper apportionment of them under general rules of law. Jones and Price v. The Mahaska County Coal Co., 47 Iowa 35, 41; Noble v. The Des Moines & St. L. Ry. Co., 61 Iowa 637, 641, 17 N.W. 26; Wormely v. Mason City & Fort Dodge Ry. Co., supra, 120 Iowa 684, 686, 95 N.W. 203.

If it were not for the offer to confess judgment the court's apportionment of the general costs would be strictly in accord with these precedents. But appellant argues there should have been no apportionment of costs of the appeal that accrued prior to making the offer to confess. All such portion of the costs, she says, should have been taxed to appellee.

The offer to confess, as stated, included an offer of costs accrued to that date. As appellant contends, the rule seems to be that even though a plaintiff fails to recover more than the amount of a defendant's offer to confess he is entitled to costs up to the time of the offer, but must pay defendant's costs thereafter accruing. 20 C. J. S., Costs, section 82b, page 339; Manning v. Irish, 47 Iowa 650, 652; De Long v. Wilson, 80 Iowa 216, 45 N.W. 764.

The court's apportionment of the costs should have been of those that accrued after the offer to confess, rather than of all of them. However, we are not inclined to interfere with the ruling. Only a small amount of costs of appeal could have accrued at the time of the offer to confess. Under the order made, half this amount was taxed to defendant. Appellant's complaint involves a sum which can hardly be more than a few dollars.

892

Then, too, if all costs accruing prior to the offer had been taxed to appellee we are not prepared to say the court was required to tax to it as much as half the remaining costs. The court had at least some discretion in making a fair apportionment of the costs accruing after the offer to confess and he may have felt, under all the circumstances, appellant should bear slightly more than half thereof. The result therefore does not differ materially from one that might well have been reached by apportioning only the costs accruing after the offer.

Since the condemnor has not appealed we have no occasion to consider whether more of the costs should have been taxed to appellant.—Affirmed.

All Justices concur.