M. C. FOLEY, Appellee, v. IOWA ELECTRIC COMPANY, Appellant.

EVIDENCE: Opinion Evidence—Defective Hypothetical Questions. Hy-
1    pothetical questions which are defective in that they omit various elements of fact bearing on the issues may well be excluded, but allowing answers thereto is harmless when it is manifest that the effect of such answers on the verdict was negligible.

WITNESSES: Cross-Examination—Undue Latitude. The granting of
2    wide latitude in cross-examination does not necessarily constitute error.

APPEAL AND ERROR:   Waiver of Error.   A taxation of attorney fees
3   in condemnation proceedings *after* perfection of appeal, but not
    jurisdictionally objected to at the time, nor appealed from, will not
    be disturbed.

*Appeal from Johnson District Court.*—R. G. POPHAM, Judge.

NOVEMBER 15, 1921.

REHEARING DENIED FEBRUARY 17, 1922.

APPEAL from award of damages for an easement across the
land of appellee, for the erection and operation of an electric
line.—*Affirmed.*

*John A. Reed* and *Dutcher, Davis & Hambrecht,* for
appellant.

*Baldwin & Baldwin,* for appellee.

ARTHUR, J.—In condemnation proceedings, a sheriff's jury
awarded appellee $90 damages, by reason of the erection, main-
tenance, and operation of an electric high-tension line across
appellee's land.   On appeal to the district court, the jury re-
turned a verdict for appellee for $475, and on October 8, 1919,
judgment was entered against appellant upon the verdict and
for costs.   Appellant filed a motion for a new trial, and on
November 29, 1919, the motion was overruled.   On January
2, 1920, appellant perfected its appeal to this court from the
judgment of the district court, and from rulings and orders
made by the district court adverse to appellant.   On February
10, 1920, appellee filed a motion for an order taxing attorney
fees, as part of the costs, against appellant, under Code Section
2007; and on March 29, 1920, the court granted the motion, and
ordered taxed, as a part of the costs, an attorney's fee of $150,
in favor of appellee's attorney and against appellant, and di-
rected the clerk of the court to tax and enter the same ac-
cordingly.

Appellant is a corporation, organized under Chapter 174
of the Acts of the Thirty-fifth General Assembly, which chapter
is incorporated in the Supplement of 1913 as Sections 2120-n

to Section 2120-t, inclusive. Appellant filed its petition with
the railway commission, as required by said act, and was granted
a franchise to acquire the necessary interest in the real estate
of any person for the erection of its poles, wires, and other con-
struction. The franchise granted by the commission was:

"To construct, reconstruct, use, maintain, and operate a
high potential electric transmission line, together with the neces-
sary guy wires and appurtenances of said line, and together
with the right of ingress and egress to said line, over and across
the lands abutting upon said line, for the distribution for sale of
electric current for light, heat and power purposes, from the
south corporate limits of the town of Iowa City, Iowa, to the
south line of Section 3, Township 77 North, Range 7, in Wash-
ington County, Iowa, and along and upon a strip of land 25
feet in width, lying easterly of and abutting upon the easterly
side of the right of way of the Chicago, Rock Island & Pacific
Railway Company, over and across the lands hereinafter de-
scribed."

Pursuant to its franchise, appellant proceeded under Sec-
tion 2120-q, and erected its line across the land of appellee. The
farm of appellee is cut in two almost in the middle by the right
of way of the Chicago, Rock Island & Pacific Railway Company,
100 feet wide, and running approximately north and south
clear across appellee's farm of 187 acres. The 25-foot strip
over which appellant secured its easement lies immediately east
of the railway right of way, and extends parallel with the rail-
way right of way through appellee's land; and appellant has
erected thereon 20 poles, and the center line of the poles is
parallel to and not more than 3 feet removed from the easterly
side of the railway right of way. By agreement between the
parties, the right of ingress and egress to the 25-foot strip over
appellee's land abutting thereon was surrendered, and the case
did not involve the rights of appellant on appellee's farm, except
rights on the 25-foot strip. The only question involved was
the amount of damages to appellee's land.

Involved in this appeal are assigned errors, 13 in number,

1. EVIDENCE: opin-   pertaining to rulings of the court on testimony,
ion evidence: de-
fective hypotheti-   motion to strike testimony, and order taxing
cal questions.       attorney fees in favor of appellee against appel-

lant. Assignments 1 to 6, inclusive, are lodged against over-ruling objections made by appellant to a hypothetical question propounded to appellee's witnesses. The question was:

"Suppose that the defendant, being engaged in the manufacture and sale and distribution for sale of electric current for light, power, and heating purposes, that it has secured a franchise to construct, reconstruct, use, maintain, and operate a high potential electric transmission line, together with necessary appurtenances, over and across the land of Mr. Foley, in distribution for sale of electric current for light, heat, and power purposes, along upon a strip of land 25 feet wide, lying eastwardly of and abutting upon the east side of the right of way of the Chicago, Rock Island & Pacific Railway Company right of way, with approximately 20 poles, the center line of said poles being located on said 25-foot strip parallel to the said right of way, the center of said poles removed 3 feet from said right of way. What would you say was the difference in the reasonable market value of said farm immediately before the condemnation proceedings were had, and said line constructed, and immediately thereafter?"

Counsel for appellant complain of the question on the grounds: (a) That it does not fairly state the case; (b) that the question fails to incorporate a description of the right which appellant acquired over the land of appellee; (c) that it did not assume the rights which appellant had to the 25-foot strip, nor the rights which the appellee had in the strip after condemnation; (d) that it did not assume the character of the construction, nor the precaution which the law requires to be used; (e) that the question did not describe the liability for damages to the farm or to the 25-foot strip on account of the maintenance, repair, and operation of the line.

The statute provides:

"Said transmission line shall be constructed * * * so as not to * * * unnecessarily interfere with the use of any lands by the occupant thereof, and shall be built of strong and proper wires attached to strong and sufficient supports properly insulated at all proper points of attachment; all wires, poles, and other devices which by ordinary wear or other causes are no longer safe shall be removed and replaced by new wires, poles,

or other devices, as the case may be, and all abandoned wires, poles, or other devices shall be at once removed. * * * there shall also be installed sufficient devices to automatically shut off electric current through said transmission line whenever connection is made whereby current is transmitted from the wires of said transmission line to the ground, and there shall also be provided a safe and modern improved device for the protection of said line against lightning.'' Section 2120-r, Code Supplement, 1913.

The statute also provided that the defendant ''shall pay to the owner of such lands and of crops thereon all damages to said lands or crops caused by entering, using and occupying said lands for said purposes. Said damages shall be payable annually at the end of each season, and shall be payable in the county where caused.'' Section 2120-t, Code Supplement, 1913.

Counsel for appellant urge that the provisions of the statute defining the rights of the parties should have been incorporated in the hypothetical question, in order that the witnesses could properly understand the nature of the easement acquired by appellant on appellee's farm, and intelligently appraise the damages.

The hypothetical question is vulnerable to criticism. It did not contain a full statement of the matters properly to be considered in assessing damages in the instant case. The answers to them were of little or no value. To have sustained the objections made by appellant's counsel we think would not have been error; but permitting the question to be answered we are quite sure was not prejudicial. The court's instructions to the jury were very clear, and explicitly presented to the jury the matters to be considered in assessing the damages, the rights of both parties in the strip, the law 'governing the use of the strip by both parties, and the liability of appellant for damages moving to appellee in its use of the strip. It is manifest from the verdict that the answers to the hypothetical question were treated as of no value, and given no weight. The witnesses of appellee, answering the hypothetical question, placed the damages to the farm all the way from $2,500 to $3,500, when the land in the strip, about 145 rods long and 25 feet wide, contained approximately 1¼ acres. If the testimony of appellee's

witnesses in response to the hypothetical question were in any appreciable degree reflected in the verdict, we would denounce the overruling of appellant's objections to the question as prejudicial error; but we think the record does not warrant that conclusion. It follows that overruling appellant's motion to strike the testimony elicited by the hypothetical question, Assignment No. 8, was not error.

Counsel for appellant complain, in Assignments 8, 9, 10, 11, and 12, of the extent of cross-examination permitted, over their apt objections, of their witnesses, J. H. Brooke, Noah 2. WITNESSES: Yoder, and Lee D. Koser, in regard to differcross-examina-
tion: undue lati- ence as to danger where wires are insulated and
tude. where not, as to damage to the farm, based on the passing of greater or less voltage through the wires, and as to what difference it would make in damage to the farm whether the line was erected strongly and substantially or not, on the question of whether or not the claim against the company for damages was as good as the money. Counsel's complaint of such cross-examination is that it ignored the law that requires assessment of damages in condemnation proceedings to be made upon the assumption that the law will be complied with, in the construction and operation of the improvement. We have read carefully the record of the examination of the witnesses. The cross-examination complained of was allowed wide scope; but there was no error—at least, prejudicial error—in the rulings.

Assignment of error No. 13 complains that the court erred in sustaining plaintiff's motion for taxation of costs, including attorney fees of $150, taxed in favor of appellee's attorney, for 3. APPEAL AND the reason that, at the time said motion was
ERROR: waiver made, and at the time of the ruling thereon, the
of error. cause had been appealed to the Supreme Court, and the district court had no jurisdiction to rule upon said motion, or to make the order.

On January 2, 1920, appellant perfected its appeal to this court. Afterwards, on February 10, 1920, appellee filed his "motion for taxation of costs, including attorney's fee." In his motion, appellee showed that the amount of damages found by the jury exceeded the amount awarded by the commissioners, and that a reasonable fee, under Code Section 2007, was $150,

and asked the court to direct the taxation of an attorney's fee, as part of the costs, in the sum of $150. When the motion was submitted, appellant appeared, by its attorneys, and raised no objection to the jurisdiction of the court to enter the order allowing, and for the taxation of, attorney fees. Ruling on the motion, the court ordered:

"The court finds that there should be taxed as part of the costs in said action against defendant an attorney's fee in favor of plaintiff's attorney, W. J. Baldwin, in the sum of $150; and the clerk is hereby directed to tax the same."

No appeal was taken from the order entered in ruling on the motion. The jurisdiction of the court to enter the order is challenged only by assignment of error and argument in this court, which does not present the question to us, no appeal from the order having been taken. *Porter v. Butterfield,* 116 Iowa 725; *Rogers v. Crandall,* 143 Iowa 249.

We observe no reason to disturb the judgment of the court confirming damages awarded by the jury, nor as to taxation of an attorney's fee; and same is affirmed.—*Affirmed.*

EVANS, C. J., STEVENS and FAVILLE, JJ., concur.