WM. BRETT, Appellant, v. JOHN C. CLARK ET AL., Appellees.

**Costs:** APPORTIONMENT. Where several actions were brought by different parties involving disputed corners and boundaries, which were determined adversely to each of the plaintiffs, and it was stipulated that evidence taken in one of the cases might be used in the others so far as applicable, the cost of all the cases should not be taxed to the losing party in each case, but should be equitably apportioned among the defeated parties.

**Same:** RETAXATION. Although the statute fixes no time within which a motion to retax costs may be filed, yet the party may be guilty of such laches or the situation such as to bar him of that relief.

*Appeal from Clay District Court.*— HON. W. B. QUARTON, Judge.

THURSDAY, DECEMBER 12, 1907.

THIS is an appeal from an order made on defendants' motion to retax the costs in certain proceedings to the plaintiff.— *Reversed.*

*G. H. Martin,* for appellant.

*Buck & Kirkpatrick,* for appellees.

DEEMER, J.— Five separate actions were commenced in the district court of Clay county by plaintiff, E. C. Rowell, and one C. J. Barringer, as follows: C. J. Barringer v. Elizabeth Daniels et al., and C. J. Barringer v. William Brett et al., involving in all two hundred and eighty-one acres of land; E. C. Rowell v. John C. Clark et al., and E. C. Rowell v. Sophia Weinman et al., involving two hundred and four acres of land; and William Brett, plaintiff herein, v. John C. Clark et al., involving seventy acres

of land.   The actions were to locate and establish corners and boundaries, and to recover possession of the lands lying between the lands then in use and the corners and lines claimed by the plaintiffs therein.   Before the trial thereof the parties entered into the following stipulation:

It is hereby stipulated and agreed between the parties to this action (same being cause No. 2725, E. C. Rowell, Plaintiff, v. John C. Clark et al., Defendants), and also by the parties in cause No. 2726, William Brett, Plaintiff, v. John C. Clark et al., Defendants, and cause No. 2724, C. J. Barringer, Plaintiff, v. Elizabeth Daniels et al., Defendants, and also parties in cause No. 2728, E. C. Rowell, Plaintiff, v. Sophia Wienman et al., Defendants, and also cause No. 2729, C. J. Barringer, Plaintiff, v. William Brett, Defendant, that all evidence introduced in this cause may be introduced by either party in each of the other causes the same as though the evidence had been taken in that cause so far as the same may be competent and legal, and all objections to be made under the same terms and conditions, and such objections may be made in this cause and this stipulation shall be by the reporter transcribed and filed in each of the causes named.

The cases were separately tried and decrees entered in each, and plaintiff in each appealed to this court.   Barringer never perfected his appeal, but the other cases were heard and determined here, resulting in an affirmance of the decrees dismissing the plaintiffs' petitions.   See 119 Iowa, 256, and 119 Iowa, 299.   In the district court the costs peculiar to each case were, shortly after the entry of the decree, taxed in the proper case, and the fees of the commissioners and of certain notaries or commissioners in taking and transcribing the testimony, and fees for witnesses, were apportioned between the plaintiffs in the several cases in proportion to the number of acres of land owned by the plaintiffs in each of the several cases.   The original decrees were entered November 18, 1898, and they were finally affirmed in this court January 28 and 29, and May 12, 1903.

None of the costs in any of the cases were taxed to defendants; but on August 7, 1903, John C. Clarke et al., defendants in the action brought by Brett, filed a motion to retax the costs in his case, wherein they asked that there be taxed to Brett all the costs of taking and transcribing the evidence and fees and mileage of witnesses and the fees of the commissioner. This was resisted by plaintiff, but the trial court sustained the motion and ordered the taxation of all these costs, except the sum of $78.40 of the transcript fees, and the fees and costs peculiar to the Rowell case and the Brett case, the net result being that the court taxed to plaintiff herein under this order the sum of $781.69 as costs. The appeal is from this order.

As matters stood before the entry of the order on the motion to retax, the costs taxed in one of the Barringer cases amounted to $33.15, and in the other to $76.80; in one of the Rowell cases to $70.65, and in the other to $71.65; and in the Brett case to $80.55. The costs in controversy herein, including witness fees, and mileage and fees for commissioner, and for taking and transcribing the testimony, amounted to $860.10. This was originally apportioned by the clerk to the several cases in proportion to the amount of land owned by the several plaintiffs therein as follows: in the Barringer cases $217.77 in each; in the Rowell cases $158.10 in each; and in the Brett case $108.50. The controversy on this appeal relates to this last apportionment. It appears that these costs were made in taking and transcribing the testimony of witnesses, which testimony was used under the stipulation before quoted; that they included the mileage and fees of witnesses and commissioners' fees, and that the testimony so taken was offered in each case pursuant to the stipulation. Some of this testimony was applicable to all the cases, and some of it to but one or a less number than all, but just how much was applicable to all and how much to each we have no means for determining, as the transcript is not before us. We shall assume, how-

ever, that under the stipulation it was all offered in each case. The trial court was of opinion that all the costs in controversy, save a few small items, should be taxed in full to Rowell in each of his cases, and to plaintiff herein, Brett, in his case, and that the payment of the costs by either should be a satisfaction of the costs so taxed in all the cases. As all matters relating to costs are statutory, we here copy the sections of the Code relating to the questions now involved:

Sec. 3853.   Costs shall be recovered by the successful against the losing party.

Sec. 3854.   In actions where there are several plaintiffs or several defendants the costs shall be apportioned according to the several judgments rendered.

Sec. 3862.   The clerk shall tax in favor of the party recovering costs, the allowance of his witnesses, the fees of officers, the compensation of referees, the necessary expenses of taking depositions by commission or otherwise, and any further sum for any other matter which the court may have awarded as costs in the progress of the action, or may allow.

Sec. 3864.   Any person aggrieved by the taxation of a bill of costs may, upon application, have the same retaxed by the court, or by a referee appointed by the court in which the application or proceeding was had, and in such retaxation all errors shall be corrected; and if the party aggrieved shall have paid any unlawful charge by reason of the first taxation, the clerk shall pay the costs of retaxation, and also to the party aggrieved the amount which he may have paid by reason of the allowing of such unlawful charges.

Under the chapter relating to actions to establish disputed corners and boundaries we find this section No. 4238: " The costs in the proceeding shall be taxed as the court shall
think just and shall be a lien on the land,
1. Costs: apportionment.
. . . of the party against whom they are taxed so far as such land is involved in the proceeding."
The trial court seemed to be of opinion that the full amount of costs should be taxed against plaintiff in each of the five

actions; but that when either paid, that would discharge the judgment for the costs in each of the other cases. It seems to us that this is wrong, and that the facts present a clear case for a proper apportionment of costs. Were the plaintiffs in the five cases all plaintiffs in one action, the court had authority, and we think it was its duty under section 3854 of the Code, to make a proper apportionment of the costs among the several plaintiffs. The full amount should not, especially in view of the stipulation filed in this case, be taxed to each plaintiff. This would be unjust and inequitable. The clerk attempted to make an equitable apportionment based upon the number of acres belonging to each plaintiff and involved in the original controversies, and we are constrained to hold under the record now before us that this was as fair and equitable a solution of the matter as could be reached. Perhaps a better one would have been to apportion according to the amount of land actually involved; but we have no means for determining what that was. Surely an order requiring plaintiffs Rowell and Brett and each of them to pay all the costs was inequitable and unjust, and should not be permitted to stand. As a farther reason for this conclusion it appears that on May 4, 1903, Rowell paid the judgments for costs rendered against him, which included $316.20 of the amount now in controversy; and that the judgment against Barringer which was rendered November 18, 1898, included $435.54 of the same costs.

Barringer's appeal was never perfected, and defendants took no steps to have the judgment against him corrected at any time, unless it be that their motion filed in this case nearly five years after the judgments were rendered should be treated as such application. Now while the Code specifies no time limit within which motions to retax may be filed, the party may be guilty of such laches, or the situation may be such as to bar him of that relief. This appears to be the case here. Rowell has paid his part of the costs in controversy, as ascertained

2. SAME: retaxation.

and apportioned by the clerk, and there is a judgment against Barringer for his part.  Brett has not yet paid his part, but when he does it seems that defendants Clarke et al. will be full protected.  They have paid out themselves but $166.95, and this will go back to them when the parties against whom the judgments for costs were rendered pay the same.  Again, it does not appear that the defendants herein, Clarke et al., are responsible for any more of the costs than they have already paid.  Recovery can only be had from them in any event of such costs as accrued at their instance, and there is no showing that the costs adjudged against the several plaintiffs above named cannot be collected.  It is provided in section 3855 of the Code that " all costs accrued at the instance of the successful party which cannot be collected of the other party may be recovered on motion by the person entitled to them against the successful party." This looks like an attempt to make Brett liable for all the costs in the case, and to hold him to the payment of a judgment for costs already rendered against Barringer, as well as for an amount already collected from Rowell.  There is no warrant for this either in law or in equity.  None of the plaintiffs in the five cases are complaining of the apportionment of costs made by the clerk under section 3854 of the Code, and we do not think defendants, Clarke et al., are entitled under the showing here made to complain thereof.

For the reasons pointed out, the order to retax must be and it is *reversed.*