DOUGLASS ROGERS, Appellee, v. JENNIE B. CRANDALL, Appellant.

Mortgage Foreclosure: TAXATION OF ATTORNEYS FEES: LIABILITY OF
1 PURCHASER FOR ATTORNEY FEES: RETAXATION. The defendant in
this action as executrix employed plaintiff to foreclose a mort-
gage belonging to the estate covering several notes, each of
which provided for the taxation of attorney fees. The judgment
included attorneys fees · taxed on' the basis of the several
notes considered as separate contracts. Defendant as. an individ-
ual purchased the property on foreclosure sale at a sum including
the attorney fees so taxed, and at defendant's request and to
enable her to' obtain a certificate of sale plaintiff receipted for
the attorney fees before payment. *Held,* defendant was estopped
from subsequently contending for an agreement with plaintiff to
perform the service at a less fee than as so taxed, without first
surrendering her rights under the sale; and that she was not
entitled as an individual purchaser to go into the foreclosure
case and have the decree modified accordingly.

Attorney's fees: TAXATION: MOTION TO RETAX: CONCLUSIVENESS.
2 Where the question is as to the amount of attorney fees to be
taxed, and not as to whether any fee shall be taxed, the remedy
is a motion to retax the same; and the overruling of a motion
for that purpose, from which no appeal was taken, is conclusive
not only of all matters presented as grounds for the motion,
but also of such as might properly have been pleaded.

*Appeal from Carroll District Court.*—HON. Z. A. CHURCH,
Judge.

THURSDAY, JULY 1, 1909.

ACTION to recover attorney's fees for services rendered
by appellee in a suit for the foreclosure of a mortgage.
Defendant offered to confess judgment for the sum of
$112 and pleaded that plaintiff was entitled to no more
than that amount. In reply plaintiff pleaded an adjudi-
cation finding him entitled to the amount claimed, and de-
fendant denied the adjudication. Upon these issues the

case was tried to the court, resulting in a judgment for plaintiff for the amount claimed by him. Defendant appeals.—*Affirmed.*

*Cosson & Ross,* for appellant.

*B. I. Salinger,* for appellee.

DEEMER, J.—In the year 1904 one Rugg made a real estate mortgage, his wife joining therein, to Jas. H. Crandall, to secure seven promissory notes of even date with the mortgage. Each note provided for an attorney's fees "for the maximum amount permitted by statute." The mortgage itself also provided for the payment of a reasonable attorney's fee. Crandall died testate, and his wife, defendant in this action, was appointed executrix under the will. Plaintiff is an attorney at law, and, as the notes secured by the mortgage had matured, the executrix concluded to foreclose the same, and she called upon the plaintiff in his professional capacity to foreclose the same. There is some conflict in the testimony as to what transpired; but as the court found for the plaintiff, and the action is at law, we must take his version of the transaction. He says it was agreed that he should foreclose the mortgage for the statutory attorney's fees, and that defendant as executrix was to pay him the amount of such fees as taxed in the case. She inquired as to what these fees would be, and plaintiff said this was fixed by statute; but he undertook to state what this was, to wit, that it would be about $104. He says now that he did not know there were several notes each providing for an attorney's fees, and that his estimate was based upon the thought that there was but one note. One Carpenter was looking somewhat after the business of the defendant, as executrix, and he, with defendant, called upon plaintiff and delivered the notes and mortgage to him for the purpose of foreclos-

ure. Action was brought thereon in the name of the executrix, and judgment and decree of foreclosure obtained. The property was levied upon, duly advertised, and a sale had. Plaintiff attended the sale, and by direction of defendant bid in the property for the defendant in her individual capacity for the amount of the judgment, interest, and costs, including attorney's fees. Defendant paid plaintiff the amount of the judgment, with costs, not including the attorney's fees, and, in order to get the sheriff's certificate for the defendant, he (plaintiff) satisfied the judgment, receipted for his fees, and paid all the other costs to the clerk in cash. The certificate was then delivered to Carpenter for the use and benefit of the defendant. The sheriff gave plaintiff the following receipt: "Carroll, Iowa, November 13, 1906. District Court, Carroll County, Iowa. Jennie B. Crandall, Plaintiff, v. W. N. Rugg and Josephine C. Rugg, Defendants. Received of Jennie B. Crandall by Douglass Rogers seven thousand thirty-three and fifty-one hundredths dollars, to apply on Rugg property in above-entitled case. Geo. A. Schmich, Sheriff." This receipt included the sum of $289.38 taxed as attorney's fees in the foreclosure suit, which it is admitted plaintiff has never received. It was agreed that he was not to get these fees until defendant got title or received her money back through redemption from the sale. No redemption having been made defendant received a sheriff's deed in due course, and this action is to recover the amount of attorney's fees taxed in the foreclosure suit. The attorney's fees as originally taxed in the foreclosure proceedings were computed on the basis of separable contracts; that is to say, they were taxed as if separate actions had been brought on each note, and not upon the aggregate amount due upon all. Taxed in this way, they amounted to $289.35, while, if taxed as upon a single note for an amount equal to the aggregate of all, the fee should have been something like $104.22.

After the sale the mortgagor, Rugg, by attorney, appeared in the main case, and filed a motion for the retaxation of the attorney's fees and for a reduction of the interest allowed in the original decree. Learning of this motion, defendant requested plaintiff to resist it in so far as it applied to the interest. Without notice to either plaintiff or defendant, this motion to retax was submitted to the court and sustained. When plaintiff learned of the matter, he filed a motion to set aside the submission of the motion on various grounds, which need not now be considered. The trial court was justified in finding that this motion to set aside was filed with the knowledge and consent of defendant. After this motion was filed, it was agreed between plaintiff and Rugg that the motion should be sustained upon condition that $100 of the interest in the original decree should be remitted to him (Rugg), and that $20 should be paid to Rugg's attorney, one Bowen. Pursuant to this arrangement, the order on the motion to retax was set aside, and Carpenter, for defendant, paid the attorney's fee to Rugg's attorney. The case then stood upon the motion to retax, which was in effect abandoned, and the sale was made on the basis of the original decree, which provided for an attorney's fee of $289.-35. Defendant's bid included this fee, and she retained the certificate until it ripened into a deed from the sheriff. She has never paid this fee or any part of it to any one. Rogers entered of record a satisfaction of this fee in order that defendant might get the certificate and the deed. Without this satisfaction or the payment of the fee she could have obtained neither, for the judgment included that amount, and the sale was upon the judgment. Rugg never appealed, nor did he make redemption. Hence any favors offered him by plaintiff or any one else are beside the case. After defendant received her deed, she, as executrix, appeared in the original foreclosure case and filed a motion for a retaxation of the attorney's fees from

$289.35 to $104.25. Her motion was submitted upon testimony adduced, and her chief claim then made was that Rogers was to receive no more for his services than the legal statutory attorney's fee, and that this fee should have been computed upon the aggregate amount of the notes, instead of upon each note separately. She also claims that the Rugg motion and all proceedings thereunder were fraudulent and void because made with purpose and design to injure her. The trial court denied this motion, and no appeal was taken from the ruling. In defense to plaintiff's suit for the recovery of the $289.35 attorney's fees, defendant pleads that these fees were improperly taxed, and that no more than $104.25 should have been taxed under her original agreement as executrix with plaintiff. Plaintiff pleads the various matters to which we have referred as an adjudication of his rights in the matter.

The controlling points being once fully understood, the solution of the case is not difficult. We must first divorce defendant in her individual capacity from her status as executrix of her husband's estate. As an individual she purchased the property at sheriff's sale for the amount of the judgment with interest, attorney's fees, and costs. In that judgment attorney's fees to the amount of $289.35 were included. After getting her certificate on that basis and inducing plaintiff to receipt for his fees, she is in no position to say that as executrix and plaintiff in a representative capacity in the main suit she had an agreement with her attorney whereby he was to take a less fee than the judgment called for. A purchaser at sheriff's sale, who bids upon the basis of the judgment as then written, can not, after getting a certificate and deed on the strength thereof, have the judgment modified or changed for his benefit. He bids with reference to the judgment as then written and upon the strength

1. MORTGAGE FORE-CLOSURE: taxation of attorney fees: liability of purchaser for attorney fees: retaxation.

thereof finally gets the title through the mortgage from the mortgagor for the amount of his bid. He is, of course, in no position to challenge the judgment for fraud or for any other reason. Defendant then has had the full benefit of the judgment, which included a fee of $289.35 for the plaintiff, made her bid, and took title on that basis, and can not now ask that the judgment be modified or set aside without surrendering all rights she obtained thereunder; that is to say, her deed would have to be set aside and a retrial ordered. Moreover, as an individual purchasing at the sheriff's sale, she had no right to go into the main case to which she was not a party to secure a modification or cancellation of the decree as entered.

Defendant is not sued in a representative capacity as executrix, but individually for money belonging to plaintiff by judgment of which she has had the benefit, and, no matter what her original arrangements with plaintiff in which she acted as executrix, she can not now be heard to say that the fees were improperly taxed. Even were she sued as executrix, or was in a situation to plead the original agreement with plaintiff, there is an obstacle which prevents a consideration of the matter pleaded by her.

In her capacity as executrix, she went into the main case to have the attorney's fees retaxed. Her motion was submitted upon testimony adduced and finally overruled. No appeal was ever taken from that order, and the judgment is conclusive upon her not only as to all matters set up as grounds therefor, but also as to all matters which might properly have been pleaded as a reason for sustaining her motion. As executrix she was properly in the original case. She there presented the very matters upon which she now relies and was defeated. She took no appeal, and the order when finally made became and is conclusive. *Baxter v. Myers,* 85 Iowa, 328. The only answer to be made to this is that a motion to retax was not a prop-

2. ATTORNEY'S FEES: taxation: motion to retax: conclusiveness.

er remedy, and that thereunder the court had no jurisdiction to determine the matter. In *Bankers' Co. v. Jordan,* 111 Iowa, 324, it is expressly held that an error in fixing the amount of attorney's fees in a case may be reviewed upon motion to retax costs. Counsel, however, rely upon *Ainley v. Insurance Co.,* 113 Iowa, 709; but a reading of that case will show that it is not in point. If · the question were whether or not any attorney's fee should be taxed, rather than the amount thereof, doubtless the matter could not be reached upon á motion to retax if objection were raised to the method of procedure, for that matter inhered in the judgment and was in no sense a mistake or omission of the clerk; but that is not the situation here. Here the question was not as to whether any fee should be taxed, but as to the amount thereof, and this could be reached by motion. Moreover, no objection was taken to the form of the procedure and, as the court had jurisdiction of both the parties and the subject-matter and passed upon the very question involved, the finding is *res adjudicata,* and, if not appealed from, is final. *Montgomery v. Alden,* 133 Iowa, 675. We have no occasion then to determine the abstract question as to whether the fees were properly taxed upon each separate note, and consequently make no pronouncement upon that proposition.

Plaintiff was clearly entitled to the judgment upon his version of the matter, which · must upon this appeal be accepted as correct, and the judgment must be, and it is, *affirmed.*