STATE LINE DEMOCRAT, Appellee, v. KEOSAUQUA INDEPEND-
ENT, Appellant.

Taxation of cost: AUTHORITY TO TAX. Where no supersedeas bond was
filed on appeal from the district court, thus staying an execution
for costs, that court has jurisdiction to tax costs and to control
the issuance of an execution therefor, although no procedendo was
issued by the supreme court.

Same. Costs cannot be taxed in a proceeding in the absence of a statute
authorizing the same; and statutes granting such authority are to
be strictly construed, and implied authority to tax costs is not
generally recognized.

Same: DESIGNATION OF OFFICIAL NEWSPAPERS: COSTS. There is no stat-
ute authorizing the taxation of costs in a proceeding before the
board of supervisors to determine the selection of an official county
newspaper.

*Appeal from Van Buren District Court.*—HON. F. M. HUN-
TER, Judge.

THURSDAY, OCTOBER 23, 1913.

THIS appeal involves nothing but a question of costs.
The controversy was over an award of the county printing,
resulting in a finding in the district court that defendant
was entitled thereto and taxing the costs of the contest before
the board of supervisors and in the district court to plaintiff.
Thereafter plaintiff filed a motion to retax the costs, which
motion was sustained, and defendant appeals.—*Affirmed.*

*Walker & McBeth,* for appellant.

*W. A. Work* and *S. E. Irish,* for appellee.

DEEMER, J.—The statutes of the state direct that the board of supervisors shall select the official newspapers of the county, and provide for a contest before the board if more papers apply than may properly be designated. Code, section 441. The defeated party may appeal to the district court from the finding of the board, and a hearing may be had in that court. In this case there was a contest between plaintiff and defendant, before the board of supervisors of Van Buren county, resulting in the selection of defendant as one of the papers. Witnesses were subpœnaed for this hearing, and both the witnesses' fees and officers' fees were taxed, either by the board of supervisors or the county auditor, against the plaintiff. Plaintiff appealed to the district court from this award, and the auditor in certifying a transcript of the record before the board also certified a bill of costs amounting to something more than $50. Upon trial in the district court, the award of the board was affirmed and the costs, both of the district court and those made before the board, were taxed to plaintiff. The case was appealed to this court, but was affirmed on motion. Thereafter plaintiff filed a motion in the district court to retax the costs made before the board, and its motion was sustained. Defendant's appeal is from this order. The statute with reference to such contests as this makes no express provisions for the subpœnaing of witnesses or for the taxation of costs, although it does provide that witnesses may be heard before the board on such contests, and that appeal may be taken to the district court "as in ordinary actions." It is contended, however, that in other sections of the Code, either expressly or by necessary implication, there is authority for the taxation of costs by the board in these contests, and that on appeal these costs should follow the case and abide the result of the case on appeal. Reliance is placed on sections 3853, 4548, 4552, 3660, 3862, and 4658 of the Code. We shall refer to these presently.

It is clear that the statute authorizing the contest makes

no provisions for costs, and there is no authority therein for taxing costs to any one. As a matter of fact, the board in this case made no order as to the costs, and no finding as to the amount or correctness of the fee bill which the auditor certified to the district court, and it further appears that on the trial in the district court no finding was made as to the costs, and no order with reference thereto, except the general one, that plaintiff pay the costs amounting to —— dollars, and that judgment go against the sureties on his appeal bond. The clerk of the district court, in making up the judgment entry, taxed the costs, not only of the district court, but also those certified to the district court by the county auditor, and entered the same in the judgment. After affirmance here on appeal, an execution issued on this judgment, and within a few days thereafter plaintiff filed his motion to retax the costs made before the board, with the result hereinbefore indicated. It will be noted that the board of supervisors made no finding as to the properly taxable costs, and rendered no judgment against any one therefor; that in the judgment entered by the district court there was no finding by the district court as to the amount of costs which plaintiff should pay, and that the clerk of the district court made the taxation thereof himself, so it is entirely clear that a motion to retax will lie, and the matter is not foreclosed by any order hitherto entered.

Again, while an appeal was taken to this court and the judgment was affirmed, no question arose here on that appeal, regarding the costs. The appeal did not involve the matter of costs, and no decision was made thereon. It is said, however, that no procedendo was ever issued from this court, and the clerk of the court below had no authority to issue an execution, and that the district court had no jurisdiction to make any order with reference to costs; the case being in midair until the procedendo was filed in the district court. This latter claim might, perhaps, have some weight but for the fact that if the case was not in the district court, no execution

should have been issued at all, and it should be recalled. Defendant must take one horn or the other of this dilemma.

It does not appear whether any supersedeas was filed in the district court upon appeal here, and if none was issued, it would seem that an execution for the costs would lie, and if this be true, then the district court had jurisdiction to control the issuance thereof, and we think authority to pass upon the question of the taxation of costs, subject, of course, to a further appeal, as was done in this case.

1. TAXATION OF
COSTS: author-
ity to tax.

As costs were not taxable at common law, it is fundamental that they cannot now be taxed in the absence of a statute providing therefor, and as a rule, statutes granting the power are strictly construed, and implied authority to tax is not generally recognized. *Jones v. School Board,* 140 Iowa, 179; *Branson v. Branson,* 84 Neb. 288 (121 N. W. 109); *Engholm v. Ekrem,* 18 N. D. 185 (119 N. W. 35); *Forbes v. Railroad Company,* 150 Iowa, 177; 5 Standard Ency. of Procedure, 793, 795, and numerous cases cited. There being no statute, each pays his own costs and expenses.

2. SAME.

Starting with the fact that the statute creates a special tribunal, provides rules for the procedure, and fails to authorize the taxation of costs, we have to inquire whether they are made taxable by any other provision of the law. Section 3853 provides that costs shall be recovered by the successful against the losing party; but this manifestly, by reason of the context and the place in which it is found in the Code, does not have reference to special *quasi* judicial proceedings before an officer or tribunal not ordinarily exercising judicial powers, unless the statute expressly authorizes the taxation of costs. This section of the Code manifestly means that costs which are authorized to be taxed may be recovered by the successful party. This is made manifest by section 3862 of the Code, upon which appellant also relies, which says "the clerk shall tax,

3. SAME: desig-
nation of offi-
cial news-
papers: costs.

etc., in favor of the party recovering costs the allowance of his witnesses,'' etc.   This has no reference to the board of supervisors or county auditors.   Sections 4547 *et seq*. have reference to appeals from justices' court, and they make no mention of costs.   This provision is found in section 4564, and that applies only where appellant obtains a more favorable judgment than that from which he appeals.   Sections 4484, 4597, and 4661, specifically authorize the taxation of costs and witness fees in justices' court, and the last-cited statute, by fair implication, negatives the thought that witness fees may be taxed by the board of supervisors in such contests as these. Section 3660, also relied upon, gives no authority whatever to tax costs.   Section 4669 gives the board authority to issue subpœnas for witnesses, but it makes no provision as to costs. These are all the sections relied upon, and we find no authority therein for the taxing of witness fees or costs.   That the Legislature has recognized the general rule heretofore announced for the taxation of costs is apparent from the many sections of the Code expressly authorizing the taxation of fees and costs in these special proceedings before specially created tribunals.   See sections 21, 22, 530, 542, 1210, 1228, 1234, 2196, 2309, 2515, 2821, 3942, 4084, and perhaps other sections not necessary to be noticed.   Each party must therefore pay his own costs, or those for which he was responsible in the contest before the board, and this follows without any order of the board.

As the board taxed no fees or costs, and as the clerk of the district court had no authority to include them in the taxation after judgment in the district court, the motion to retax was properly sustained.

The order on the motion is therefore *Affirmed*.

WEAVER, C. J., and GAYNOR and WITHROW, JJ., concurring.