BERTHA E. HEPPE, Appellant, v. DIXON SAVINGS BANK, Appellee.

No. 39925.

NOVEMBER 12, 1929.

REHEARING DENIED FEBRUARY 22, 1930.

*Andrew L. Chezem,* for appellant.

*Ficke, Noth & Ficke* and *Albert W. Hamann,* for appellee.

STEVENS, J.—The petition filed in this case ignores ordinary rules of pleading, and is replete with redundant and immaterial matter. We have, with much labor, extracted a few material allegations which seem to be controlling. It appears therefrom that, on November 13, 1920, G. A. and Ellenora Moffat, husband and wife, agreed in writing with Harry Wyatt, upon the performance of the terms of the instrument, to convey to him a certain lot in the city of Davenport known as Street No. 629. Later, and on June 16, 1923, the same grantors entered into a separate written contract with Bertha E. Heppe, appellant, agreeing to convey the same premises to her, upon the performance of the terms of the instrument signed by them. On the same date, a receipt signed by Lee & Shumate acknowledged the payment of $500 by appellant on the purchase price of the property,

reciting the balance due, and providing that appellee assumed the unpaid balance due on the Wyatt contract. Possession of the premises was delivered to appellant in June, 1923. The petition contains many allegations of payments made to various parties on the contract, the materiality of which, except to show the payments, is not in all respects clear. Appellee was the owner and holder of two mortgages upon the property in question, both executed by the Moffats. An action to foreclose the mortgages was commenced for the September, 1926, term of the district court of Scott County, and judgment was entered thereon, as prayed, on November 1st. Appellant appeared in that action and filed answer. The liens of the respective mortgages were decreed to be senior to the right of appellant in the property. Appellant obtained and holds the legal title from the trustee in bankruptcy of the estate of Moffat, as well as possession of the property.

As stated, the petition further alleges that certain payments on the contract were made to different banks in Davenport, in obedience to the request of the holder of the contract, for which it is claimed appellant has not received proper credit.

It is apparently the theory of the pleader that the mortgages were invalid, and did not constitute a valid lien upon the property, and that somewhere in the transactions there was such fraud as to present a ground for relief against the mortgages in equity. The petition set out the pleadings and judgment in the foreclosure action in full. A motion to dismiss the petition upon the ground that it appears upon the face thereof that all of the matters and issues tendered thereby were, or should have been, fully determined and adjudicated in the foreclosure action, was sustained by the court, and, appellant refusing to plead further, judgment was entered against her, and she appeals.

The law is too well settled to require discussion that all issues tendered or available to either party in the foreclosure action were fully adjudicated therein. *Turner v. Sandhouse,* 205 Iowa 1151. The validity of the mortgages could and should, if claimed, have been made an issue in that action. Whether a petition is vulnerable to a motion to dismiss upon the ground stated, we express no opinion. The right of appellee to thus raise the question is not challenged. It is too manifest for dis-

cussion that all of the matters referred to that were or might have been put in issue in the foreclosure suit are conclusively adjudicated by the judgment therein.

Some suggestion is made by appellant that the cause of action in the case before us is based upon matters which were available only as a counterclaim. If so, it was not necessary that same be pleaded in the foreclosure action. They are clearly, however, not of this character.

The only question involving the written contracts of purchase in the foreclosure action was that of priority. This question was conclusively adjudicated by the decree in favor of appellee. In so far, therefore, as the allegations of the petition relate to any matter that was, or could have been, adjudicated and determined in the foreclosure action, the judgment entered therein is conclusive, and the motion to dismiss was properly sustained. The only ground of the motion, however, was that the petition shows upon its face that the issues tendered were adjudicated in the foreclosure action.

It is further alleged in the petition, as stated, that certain payments have been made by appellant on the contract, for which she has not been given proper credit. She prays an accounting as to these payments. The ground of the motion to dismiss does not reach these items. They were not involved, and could not have been adjudicated in the foreclosure action. More than two years elapsed between the date of the decree in the foreclosure action and the filing of the petition herein. Whether the property has, in the meantime, been sold on execution, and all of the rights of appellant therein foreclosed, is not disclosed by the pleading. We may assume from the nature of the action that there has been no redemption from such execution sale, if any had been had. The right of appellant to an accounting of payments made on the contract, if any, and not properly credited, is not raised by the motion to dismiss. As to these items, the demurrer was improperly sustained. Except as to these, the judgment below must stand. In so far as an issue is tendered by the petition for an accounting of items duly paid and not credited, the judgment must be, and is, reversed.—*Reversed.*

ALBERT, C. J., and MORLING, WAGNER, and GRIMM, JJ., concur.