CARL G. WENSTRAND, Trustee for ED F. ROSE, et al., Appellees, v. EDGAR D. KIDDOO et al., Appellants.

No. 43019.

July 31, 1936.

Ferguson & Ferguson, for appellees.

Henry Read, for appellants.

STIGER, J.—On March 11, 1920, the defendant, R. E. Gidley, and wife, executed and delivered to the plaintiff, Carl G. Wenstrand, personally, fifteen promissory notes, each for the sum of $1,000, and to secure said notes executed to Wenstrand a real estate mortgage on property in the city of Shenandoah, Iowa. Wenstrand sold the notes to various parties and in October, 1927, brought suit to foreclose the mortgage as trustee for the several note holders.

A decree was entered January 4, 1928, which rendered judgment for the amount due on each note and attorney's fees in favor of each note holder, and provided that the costs of the suit and necessary expenses should first be paid from the proceeds derived from the sheriff's foreclosure sale.

The aggregate amount of the judgments rendered on the several notes was $11,632.17, and the total amount of the attorney's fees for plaintiff's attorney on the several notes was $335.-32, for which sum judgment was rendered and taxed as part of the costs.

If the attorney's fees taxed had been computed on the total judgment of $11,632.17, the amount would be $156.32.

The petition in foreclosure did not ask for the appointment of a receiver and the decree made no reference to a receiver. Whether or not the mortgage contained a receivership clause is not disclosed.

No appeal was taken from the decree in foreclosure.

A special execution was issued to make the judgment, and the costs taxed at $415.83 and the property was bid in by the note holders, Ed F. Rose, G. E. Mariner, Emma Younggren, May Hunt, T. E. Dutton, F. M. Nordstrom and Shenandoah Na-

tional Bank for $9,000 on February 11, 1928, leaving a deficiency judgment of $3,152.18.

On March 1, 1928, the plaintiff filed an application for the appointment of a receiver, alleging that there was a deficiency judgment of $3,000 and that no receiver was asked for in the foreclosure petition and no provision for a receiver included in the decree; that R. E. Gidley against whom the deficiency judgment stands, refuses to pay the judgment and to apply the rents from the real estate to the payment of the judgment and that he is insolvent.

An order was made prescribing that Gidley be given five days notice of the hearing on the application by registered letter. On March 7, 1928, an order was made finding that Gidley had been given the prescribed notice and appointed Burnet Ferguson receiver to collect the rent and profits from the mortgaged premises during the period of redemption.

On June 26, 1928, the receiver filed an application stating that it was very inconvenient to make a proper division of the costs of the foreclosure action and to collect the same because of diversified interests of the plaintiffs and that he had borrowed the amount of the costs in the foreclosure suit from the Shenandoah National Bank, and asks the court for authority to pay the note from the rent to be collected by him from the mortgaged premises.

On June 20, 1928, an order of court granted the receiver authority to pay the note and later the receiver did pay the note from the rent collected.

On September 11, 1929, an order was made in the receivership proceedings allowing compensation to the receiver for his services in the sum of $250.00.

On February 24, 1931, the receiver filed his final report and his disbursements show the payment of the costs in the foreclosure suit in the sum of $431.03 and the payment of the receiver's compensation of $250. On March 7, 1931, defendant Gidley filed objections to the final report of receiver wherein he states that the petition in foreclosure did not ask for the appointment of a receiver and the decree appointed no receiver and no jurisdiction was retained by the court to appoint a receiver; that the court was without jurisdiction to make the order in the receivership for payment of costs in the foreclosure suit; that said payment of the costs was from rentals received during the period of

redemption and objector who was the owner of the foreclosed property was not given credit upon the deficiency judgment; that the obligation to pay the foreclosure costs was the plaintiffs' and should have been paid from the proceeds of the execution sale and that the rentals should have been applied on the deficiency judgment.

The receiver filed an answer to the objections on November 5, 1931, stating that the application for the appointment of a receiver was prepared with the knowledge and consent of Mr. Gidley, who was served with a notice of the application; that the court had full jurisdiction of the subject matter and the right to a receiver had been adjudicated; that the appointment was made for the benefit of Gidley and for the purpose of assisting him in collecting the rentals from the real estate; that after his appointment, Mr. Gidley requested him to insure the buildings, the insurance thereon having expired, which was done.; that the said buildings were totally destroyed by fire during the receivership and the said Gidley entered into a written agreement authorizing the receiver to collect the insurance and to enter into a contract for the replacement of the buildings from the proceeds of the insurance; that Gidley accepted a check from the receiver for $240 for rent accruing prior to the appointment.

The answer further alleges that Gidley requested Earl R. Ferguson, attorney for the receiver, to borrow the amount necessary to pay the costs in the foreclosure suit and to pay the note from rents to be collected by the receiver from the mortgaged premises; that the receiver relied on this participation of Gidley in the matter of costs and borrowed the money, paid the costs, collected the rentals and paid the note at the bank.

Mr. Gidley does not deny that he requested the receiver to insure the buildings and pay the costs of the insurance from the rents and does not deny that he agreed to the collection of insurance after the fire and use of the proceeds in the replacement of the buildings, but denies the other allegations in the answer.

On August 26, 1933, Gidley filed a motion to set aside the order appointing the receiver for the reason that the court had no jurisdiction to make the order in that the decree in foreclosure did not appoint a receiver nor retain jurisdiction of the case.

On the same day Gidley filed a motion to set aside the order authorizing the receiver to pay the note at the bank from the rents to be collected from the real estate, the proceeds having

been used to pay the foreclosure costs. Gidley filed another motion to set aside the order allowing the receiver's fee in the sum of $250.

The motions and objections to the report of the receiver came on for hearing March 19, 1934, before Judge Earl Peters.

The only issue under the objections to the receiver's final report as to expenditures made by him on this appeal is the payment of the costs of the foreclosure suit and the receiver's compensation.

On July 25, 1934, a decree was entered. The court found as follows:

"Application was made by the plaintiff for the appointment of a receiver, and notice of such application was served upon said objector, and he made no resistance to a receiver being appointed. He has recognized said receiver in connection with the collection of rent and rebuilding of the building on the mortgaged real estate that was destroyed by fire, when it was to his advantage to do so. The appointment of a receiver was binding upon said objector, and his application to have the appointment of the receiver set aside should be overruled. Said R. E. Gidley objects to the payment of the foreclosure costs by the receiver, and the amount of the costs. The receiver borrowed money to pay the costs of this proceeding, and paid them pursuant to an order of this court, and an agreement with said R. E. Gidley that he should pay them, and said R. E. Gidley cannot now complain of the payment by the receiver of such costs as are properly taxed as costs herein. His objections to the borrowing of money for the purpose of paying costs and the payment of costs should be overruled at this time. The payment of costs by the receiver should only be approved for the amount of costs that are properly taxable as costs. Said R. E. Gidley also objects to the allowance to the receiver of the sum of $250 for his services as such receiver. The court finds that such amount is not excessive for the services performed by receiver, and that the objections to this allowance for services should be overruled."

The trial court refused to set aside the appointment of a receiver and overruled the motions of Gidley.

The defendant, R. E. Gidley, appealed from the decree and rulings of the court.

■■■ The petition in the real estate foreclosure suit did not

ask for the appointment of a receiver and the decree was silent on the matter of a receiver. No lien was established on the rents and profits of the real estate. The issue of the appointment of a receiver was available to plaintiff in the foreclosure suit, that issue was adjudicated therein and the decree was conclusive, and plaintiff was barred from thereafter asking for the appointment of a receiver unless consented thereto. Schnuettgen v. Mathewson, 207 Iowa 294, 222 N. W. 893; Heppe v. Dixon Savings Bank, 209 Iowa 1017, 227 N. W. 334.

Furthermore the application does not contain the necessary allegations as a basis for the appointment of a receiver.

The motion to set aside the appointment of a receiver must be sustained unless the evidence discloses that Gidley consented to the appointment, or recognized and accepted the benefits of the receivership.

Gidley testified about the insurance on the buildings and the fire loss as follows:

"I was in Mr. Ferguson's office several times and talked to him about the adjustment of the fire loss and with regard to getting the building rebuilt; and with regard to proposal of the Shenandoah Lumber Company to rebuild the building; and with regard to the order of court authorizing such rebuilding. I would guess that I talked to Mr. Ferguson regarding this fire loss about three times. I then got the signature of Mr. Fred Nordstrom and of Mr. T. E. Dutton to the consent of rebuilding the building. Either Mr. Ferguson or I got the signature of May Hunt to such consent. I was entirely by myself when I got any of the signatures from any of the note owners consenting to the rebuilding of the building. Mr. Ferguson wrote me a letter in December concerning my and my wife's signature to such consent and I brought them down with me and I aided and assisted in the collection of the insurance, the adjustment of the fire loss, the rebuilding of the building and the getting of the orders of the court. And Mr. Earl Ferguson and I had quite a few dealings relative to these matters. This case started in 1927, and the final report was filed in 1931."

The receiver testified that Gidley was entirely satisfied with the fire loss settlement and asked him to take out new policies. Earl R. Ferguson, attorney for the receiver, testified that Mr.

Gidley asked him not to wind up the receivership so that he could buy the notes.

The receivership was continued far beyond the period of redemption and the delay in closing it was an obvious advantage to Gidley. He did not redeem within the redemption period. There is nothing in the record to indicate he was able to do so.

The holders of the sheriff's certificate of sale were entitled to sheriff's deed February 11, 1929, but made no demand for a deed. On February 15, 1929, Clara L. Gidley, wife of R. E. Gidley, was the owner of a four-eleventh interest in the real estate through an assignment of the shares of four of the note holders in the sheriff's certificate of sale, and on said date brought a suit in partition of the premises involved in the foreclosure suit. In December 1929, Gidley secured assignments from all of the owners of the sheriff's certificate of sale of interests in the certificate and the deficiency judgment. While the record is vague and incomplete it does show that in the latter part of the year of 1929, Gidley became the owner of all of the real estate either under the certificates or by a purchase at the sale in partition. It is quite apparent that all of the note holders, who owned the sheriff's certificate of sale were willing to give Gidley time beyond the redemption period to secure funds with which to purchase the land. The delay enabled Gidley to secure the necessary funds and save his land.

 Notice of the application for a receiver was served on Gidley, he made no objection to the appointment for three years, he knew the receiver took charge of the rents, he approved and received the benefit of much that the receiver did and the receiver acted in good faith.

The record fairly establishes plaintiff's contention that the appointment of a receiver was made with Gidley's consent and for his benefit, and Gidley is estopped from questioning the appointment.

The trial court was right in denying the application to set aside the order appointing a receiver.

 . Unless Mr. Gidley consented to the payment of the costs in the foreclosure suit from the rentals, such payment was wrongful as without such consent they should have been applied on the deficiency judgment.

Earl R. Ferguson testified to several conversations with Gidley about the costs in the foreclosure suit. The substance of

these conversations was that Gidley was advised of the situation about the costs and then asked Ferguson to have the receiver borrow the money, pay the costs and pay the note to be given for the borrowed money from rentals to be collected. Irma Swanson, stenographer and bookkeeper for the firm of Ferguson & Ferguson, testified to these conversations and Burnet Ferguson, receiver, also corroborated Mr. Ferguson's testimony. Gidley denied all of the plaintiff's evidence about the costs. The finding of the trial court that Gidley agreed to the payment of the costs is clearly sustained.

The finding of the court that the sum of $250 as compensation for the services of the receiver was not excessive and the overruling of the motion to set aside the allowance were clearly justified by the evidence.

The judgment and rulings of the trial court are affirmed.

II. On March 21, 1934, defendant R. E. Gidley filed a motion to retax the costs in the foreclosure suit, judgment for the costs having been entered January 4, 1928. This motion claims that the attorney fees should have been computed on the total amount of the judgment in foreclosure which was the sum of $11,632.17, for the reason that the notes and mortgage constituted a single contract, contemporaneously executed, and that the correct amount of attorney fees was $156.32. The motion claims that the allowance of attorney fees of $396.28 was error because this amount was arrived at by adding together the statutory attorney fees on each note on the theory they constituted separate contracts.

The notes and mortgage were all executed at the same time, the several notes being given apparently for convenience and to aid in the financing of the loan. The notes and mortgage constituted a single transaction and the allowance of attorney fees in the sum of $396.28 was error. See Bankers Iowa State Bank v. Jordan, 111 Iowa 324, 82 N. W. 779.

As heretofore stated no appeal was taken from the decree and judgment in foreclosure.

The plaintiff filed a motion to dismiss the motion to retax costs. The grounds of the motion considered by us are as follows:

(1) That said motion is unduly belated; that there were approximately six years between the filing of the decree and the time of filing of the motion to retax costs and that the movant is guilty of equitable laches such as to bar his claim.

(2) That any grievance the movant may have is inherent in the foreclosure judgment and a motion to retax costs is not available, and an error of the clerk not being involved the judgment cannot be assailed by such motion.

(3) That the alleged grievance does not constitute a mere mistake in computation, but is inherent in the judgment and is the result of the exercise by the court of a judicial function.

A hearing was had on February 18, 1935, on said motion before Judge H. J. Mantz.

The district court sustained plaintiffs' motion to dismiss appellant's motion to retax the costs. After finding that Hon. Earl Peters, District Judge, had on July 25, 1934, entered a decree that R. E. Gidley had entered into an agreement with the receiver that the foreclosure costs should be paid by the receiver and that the same were paid the court stated:

"It is the opinion of the court that the said R. E. Gidley, in filing said motion to retax costs has been guilty of laches, as, that more than six years has elapsed from the time of the taxation of the costs in the original decree, and the filing of the motion to retax; also by reason of the said R. E. Gidley participating in the act of the Receiver in paying the costs, has estopped himself from complaining of the action of said Receiver. The court further finds that the said R. E. Gidley has appealed to the Supreme Court from the ruling of Judge Peters on July 25th, 1934, and in the opinion of the court the matter raised by the motion to retax costs may be determined upon said appeal."

■■■ It is true that a right to a motion to retax costs may be lost by laches, Brett v. Clark, 136 Iowa 544, 114 N. W. 28; Hart v. Delphey, 194 Iowa 692, 190 N. W. 14.

There was error in the amount of attorney fees allowed and the record discloses that Gidley consulted an attorney about the attorney fees and was advised that the fees should have been computed on the judgment as a whole, instead of on the individual notes.

Gidley then went to Mr. Ferguson about the matter, who disagreed with the opinion given Gidley by his attorney.

Ferguson and Gidley then had a "row" about the amount of the attorney fees. The meeting between Ferguson and Gidley probably occurred in February 1929.

Gidley complained to Mr. Ferguson about the fee allowed

him as soon as he became convinced that an error had been made. It does not appear that any material prejudice or damage was caused by the delay in filing the motion to retax costs. Joseph v. Davenport, 116 Iowa 268, 89 N. W. 1081; Powell v. Overton, 191 Iowa 574, 181 N. W. 24.

Gidley did not know of the error in the amount of the costs when he consented to their payment. We hold that he was not guilty of laches.

We prefer to base our decision on this appeal on grounds two and three of appellee's motion to dismiss.

■■■ The appellee contends that a motion to retax costs can only reach errors made by the clerk of court.

Code section 11636 provides that:

"The clerk shall tax in favor of the party recovering costs the allowance of his witnesses * * * and any further sum for any other matter which the court may have awarded as costs in the progress of the action."

Code section 11638 provides that:

"Any person aggrieved by the taxation of a bill of costs may, upon application, have the same retaxed by the court * * * and in such retaxation all errors shall be corrected."

Code section 11639 provides that:

"If the party aggrieved shall have paid any unlawful charge * * * the clerk shall pay * * * to the party aggrieved the amount which he may have paid by reason of the allowing of such unlawful charges."

The case of Young v. Rutherford, 190 Iowa 414, 416, 176 N. W. 241, 242, was an action in partition. The judgment for costs included an attorney fee of $698. Later one of the defendants moved for a retaxation of the costs alleging that the fee allowed was excessive. A demurrer was interposed to the motion. The grounds of the demurrer were (1) the judgment is an adjudication of attorney fees, (2) that the fees are inherent in the judgment, (3) that a motion to retax costs is not available, where error of the clerk is not involved and judgment may not be assailed thereby. The demurrer was sustained and this court affirmed the lower court on appeal. The court states:

"What the compensation of each shall be depends on the

services rendered. In the light of all the facts of the case, and in fixing the respective amounts, the court exercises the judicial function. * * * The judgment is conclusive on the allowance of attorney's fees or other specified costs."

The court, after citing section 3864 (now section 11638 supra), further states:

"This provision affords a remedy only against error occurring in the taxation of the items of cost. * * * and the errors to be corrected by motion are *those of the clerk* (Italics are ours) * * * and the motion for retaxation is required, in order to bring the precise question before the court for its ruling. For, unless the court has passed upon the precise question involved, there is no ruling from which an appeal may be taken. If the court has ruled on the question at issue, there is no occasion for raising the point some other way, and obtaining a second decision. In the case at bar, the attorney was entitled to an allowance as attorney's fees * * *; but the court was required to determine the amount * * * and this it did, in the judgment entered. This determination did not involve any computation, save to fix a limit beyond which the court might not proceed; and the motion filed does not allege a mistake in computation, but that the court, in the exercise of its discretion, allowed an excessive amount as attorney's fee * * *. The motion called for a reconsideration by the court of the questions on which it had ruled in entering the judgment, and this is not the function of a motion to retax costs. We think such a remedy was not available to the movant. To correct the allowance made in the judgment entry, the defendant should have appealed.

In this case Gidley does not claim in his motion that there was a mistake in computation by the clerk but claims that the court erred as a matter of law and allowed excessive attorney fees.

The Rutherford case, supra, holds that a motion to retax costs can only reach errors made by the clerk of court, and that the purpose of the motion is to bring the error to the attention of the court and until the court has passed on the error there is no basis for an appeal. Code section 12827. In that case the error inhered in the judgment and the court held that appeal was the proper remedy. The Rutherford case cites and follows Perry v. Kaspar, 113 Iowa 268, 85 N. W. 22.

The Kaspar case was an action to foreclose a mortgage. A default decree was entered and attorney fees allowed, although the statutory affidavit was not filed until the day the decree was entered. A motion to retax costs was filed on the ground that the affidavit was not properly filed. The district court sustained the motion and set aside the allowance of the attorney fees for failure to properly file the affidavit. On appeal the case was reversed because a motion to retax the costs was not a proper remedy. The allowance of attorney fees in the Kaspar case was clearly improper. The court states:

"The question is whether the defendant is entitled to relief in this proceeding. Appellant contends that this is a motion to retax costs, and that such motion does not reach the error complained of. In this position we think appellant is correct. * * * The motion here * * * is * * * to direct the court's attention to the action of its officers, in pursuance of a judgment or decree, with a view of correcting any errors, *which they may have made.* (Italics are ours.) * * * The judge had been called upon to determine whether there was such an affidavit in the case as entitled the plaintiff to have a judgment entered for attorney fees. In reaching his conclusion the judge committed an error, due perhaps to inadvertence, but nevertheless an error which inhered in the judgment itself. Therefore the relief which the lower court gave was not proper relief, under a motion for retaxation of costs."

It will be observed that in the case of Young v. Rutherford, 190 Iowa 414, 176 N. W. 241, supra, the question was as to the *amount* of the attorney fees and that in the case of Perry v. Kaspar, 113 Iowa 268, 85 N. W. 22, supra, the question was whether *any* fee should be taxed.

Appellant insists that a motion to retax costs was the proper remedy and relies on the case of Bankers Iowa State Bank v. Jordan, 111 Iowa 324, 326, 82 N. W. 779, 780, supra. The Jordan case was an action on five promissory notes. The district court held the notes constituted separate contracts and allowed attorney fees on each note. A motion was filed to retax the costs on the ground that the amount allowed by the court was excessive. The motion was overruled and on appeal the ruling was affirmed.

The court held the motion to retax costs was proper. How-

ever, the objection to the motion was that it was filed too late, and not that it was not a proper remedy. The court states in considering the propriety of the motion:

"In an action on a written contract the court may fix the attorney fees without taking evidence. * * * In such case no element of judgment or discretion is involved. The nature of fixing the fee is as purely formal as the act of the clerk in computing the number of words in a pleading in order to tax a copy fee. There does not appear any good reason in a proceeding of this kind for distinguishing between the attorney fee and other taxable costs."

The court in the Jordan case overlooked the fact that in fixing the attorney fees the lower court exercised its judgment and found that each of the five notes were given at different times and were separate contracts and that attorney fees should be computed on each note. The district court did much more than make a formal computation of the amount.

The Jordan case, supra, is followed by the case of Rogers v. Crandall, 143 Iowa 249, 255, 121 N. W. 1092, 1094.

This was an action to recover attorney fees for services rendered by plaintiff in an action for foreclosure of a mortgage. The defendant filed a motion in the original foreclosure suit for a retaxation of the amount of the attorney fees on the ground that the notes secured by the mortgage were in fact one contract and that the district court allowed attorney fees on each note, finding that each note was a separate contract. The trial court overruled the motion. There was no objection to the form of the remedy in the district court and no appeal was taken from the ruling. Although the question was not properly before the court it does make the following statement about the motion to retax costs:

"In Bankers Co. v. Jordan, 111 Iowa 324, it is expressly held that an error in fixing the amount of the attorney's fees in a case may be reviewed upon motion to retax costs."

The court obviously refers to an error of the court. The court further states:

"If the question was whether or not *any* attorney's fee should be taxed, rather than the amount thereof, doubtless the matter could not be reached upon a motion to retax if objection

were raised to the method of procedure, for that matter inhered in the judgment and was in no sense a mistake or omission of the clerk; but that is not the situation here. Here the question was not as to whether *any* fee should be taxed, but as to the *amount* thereof, and this could be reached by motion.''

The cases of Bank v. Jordan and Rogers v. Crandall, supra, seem to be authority for the proposition that an error of the court can be corrected by a motion to retax costs, if the question is as to the amount of the fee, but if the question is whether any fee should be taxed, it cannot be corrected by such a motion.

This is not a sound distinction. In each case the court exercises its judgment and it inheres in the judgment and appeal is the proper remedy. The holdings of these cases are not reconcilable with the cases of Young v. Rutherford and Perry v. Kaspar, supra, which hold that a motion to retax costs can only reach errors of the clerk or officer, and its purpose is to bring the error to the attention of the court. We think the decisions in the latter two cases are sound and are correct interpretations of code sections 11636, 11638, 11639 and should be followed. In so far as the Bank v. Jordan case and the case of Rogers v. Crandall are not in harmony with the holding on this question in Young v. Rutherford case, 190 Iowa 414, 176 N. W. 241, and Perry v. Kaspar, 113 Iowa 268, 85 N. W. 22, they are overruled.

In this case the motion to retax costs called for a reconsideration by the court of the question on which it had ruled in entering the judgment for the excessive attorney fees. The error of the court inhered in the judgment and the remedy is by appeal, and Gidley was not entitled to the relief granted him on his motion to retax costs.

The conclusion of the trial court sustaining the appellee's motion to dismiss appellant's motion to retax costs must be affirmed.

Because of our decision affirming both cases it is unnecessary for us to give attention to appellee's motion to dismiss or affirm.

The judgment and rulings appealed from in each case are affirmed.—Affirmed.

PARSONS, C. J., and MITCHELL, ALBERT, RICHARDS, KINTZINGER, and DONEGAN, JJ., concur.