**I.G.L. RACQUET CLUB,**
**Plaintiff-Appellee,**

v.

**MIDSTATES BUILDERS, INC.,**
**Defendant-Appellant.**

No. 83–1304.

Court of Appeals of Iowa.

Feb. 26, 1985.

Harold W. White, Estherville, for defendant-appellant.

R. Allen Corzine, Harry J. Watson, David L. Updegraff, and Elizabeth J. Tupper of Qualley & Larson, Sioux City, and David C. Larson of Stoller & Larson, Spirit Lake, for plaintiff-appellee.

Heard by OXBERGER, C.J., and DONIELSON, and SNELL, JJ.

OXBERGER, Chief Judge.

Plaintiff disputes the trial court decision that it did not have authority to hear its motion to retax costs. We affirm.

Plaintiff I.G.L. Racquet Club brought this action against defendant Midstates Builders, Inc., for damage allegedly resulting from Midstates' failure to complete a building for I.G.L. by the agreed date. Midstates answered, it also counterclaimed for foreclosure of its mechanic's lien. Trial was held and judgment was entered. An appeal was taken, and the court (in *I.G.L. Racquet Club v. Midstates Builders, Inc.,* 323 N.W.2d 214 (Iowa 1982)) reversed the district court's judgment and remanded the case for retrial. On April 13, 1983, following the retrial, the district court entered judgment for Midstates for $62,760.99 plus interest and court costs; the costs did not include any attorney fees. I.G.L. appealed from the judgment. (This appeal, docket number 83–851, was dismissed for lack of prosecution on October 26, 1983).

On July 1, 1983, Iowa Code section 572.-32 became effective; it provides that a successful plaintiff in a mechanic's lien enforcement case is to be awarded attorney fees. On August 1, 1983, Midstates moved the district court to retax costs, based on section 572.32, to include its attorney fees. I.G.L. resisted Midstates' motion to retax costs, and a hearing was held. On September 9, 1983, the district court denied the motion, based on its finding that it lacked jurisdiction to modify the costs portion of the judgment. The district court reasoned the motion to retax costs can be used to correct errors of the clerk but not those of the court, and that Midstates' remedy for the court's alleged failure to tax attorney fees as costs was to appeal the judgment. The court also noted that misnomer of the motion is alone not enough to render the

motion void, but the facts of the case do not fit into any of the categories of Iowa Rule of Civil Procedure 252, to vacate or modify a judgment, and a judgment nunc pro tunc pursuant to Iowa Code § 622.17 was unavailable because there had been no "evident mistake."

Midstates contends the court was wrong when it said the costs decision inhered in the judgment, and cites several cases for the proposition that since the court did not have the issue of attorneys fees before it, the precise question was never before the court. *Wenstrand v. Kiddoo*, 222 Iowa 284, 297, 268 N.W. 574, 579 (1936); *State Line Democrat v. Keosauqua Independent*, 161 Iowa 566, 569, 143 N.W. 409, 410 (1913). However, in *Keosauqua*, the court never decided any costs should be awarded, unlike here where costs were awarded. *Id.* at 568, 143 N.W. at 410. Appellant claims the following language from *Wenstrand* shows that when the question regarding costs has not been presented, it must be brought by a motion to retax costs:

> The cases of *Bank v. Jordan* [111 Iowa 324, 82 N.W. 779] and *Rogers v. Crandall,* [143 Iowa 249, 121 N.W. 1092] *supra,* seem to be authority for the proposition that an error of the court can be corrected by a motion to retax costs, if the question is as to the amount of the fee, but if the question is whether any fee should be taxed, it cannot be corrected by such a motion.

> This is not a sound distinction. In each case the court exercises its judgment and it inheres in the judgment and appeal is the proper remedy. The holdings of these cases are not reconcilable with the cases of *Young v. Rutherford* and *Perry v. Kaspar, supra,* which hold that a motion to retax costs can only reach errors of the clerk or officer, and its purpose is to bring the error to the attention of the court. We think the decisions in the latter two cases are sound and are correct interpretations of code sections 11636, 11638, 11639 and should be followed. In so far as the *Bank v. Jordan* case and the case of *Rogers v. Crandall* are not in harmony

with the holding on this question in *Young v. Rutherford* case, 190 Iowa 414, 176 N.W. 241, and *Perry v. Kaspar,* 113 Iowa 268, 85 N.W. 22, they are overruled.

> In this case the motion to retax costs called for a reconsideration by the court of the question on which it had ruled in entering the judgment for the excessive attorney fees. The error of the court inhered in the judgment and the remedy is by appeal, and Gidley was not entitled to the relief granted him on his motion to retax costs.

*Wenstrand* at 297, 268 N.W. at 580. We believe a fair reading of the case shows that the court's ruling was that whether the question involving costs is an error of the court, or the problem of whether fees should have been allowed, it cannot be raised by a motion to retax costs. Instead, only errors of the *clerk* and not the court are to be corrected by the motion. The court in *Wenstrand* at 295, 268 N.W. at 579 states an award of costs cannot be attacked by the motion. The court noted that in the event of such problems in taxing costs, the party is not left without remedy, adding, "The motion called for a reconsideration by the court of the questions on which it had ruled in entering the judgment and this is not the function of a motion to retax costs. We think such a remedy was not available to the movant. To correct the allowance made in the judgment entry, the defendant should have appealed." *Wenstrand* at 294, 268 N.W. at 579. As in *Wenstrand,* we believe the appellant's proper remedy here would have been to cross-appeal regarding the issue.

This decision was reached in another case where attorneys fees were improperly awarded. *Perry v. Kaspar,* 113 Iowa 268, 85 N.W. 22 (1901). The court said no motion to retax costs could lie because it inhered in the judgment. *Id.* at 271, 85 N.W. at 22–23. The court also noted a motion to vacate the judgment was improper since no grounds could be found in the statute, the predecessor to rule 252, which would allow such an attack. *Id.* at 274, 85 N.W. at 23.

We find no error in the trial court's decision. Midstates has asked for attorney's fees in the event we decide in its favor. Because of our decision, we do not address the issue.

AFFIRMED.